James O. SPENCER, Plaintiff–Appellant,

v.

BOARD OF COUNTY COMMISSION-
ERS, Montezuma County, Colorado, Defendant–Appellee.

No. 00CA2301.

Colorado Court of Appeals,
Div. IV.

Dec. 20, 2001.

Jon Lewis Kelly, Cortez, CO, for Plaintiff–Appellant.

Bob D. Slough, Montezuma County Attorney, Cortez, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this C.R.C.P. 106(a)(4) action, plaintiff, James O. Spencer, appeals from the judgment of the district court upholding the decision of defendant, Montezuma County Board of County Commissioners, denying plaintiff's petition to subdivide his property. We vacate the judgment and remand.

In 1996, plaintiff subdivided a tract of land into two parcels. He retained one parcel (tract A) and sold the other parcel (tract B) to a third party. Approximately one month later, plaintiff petitioned the Board to subdivide tract A further into two parcels. The Board refused to approve the subdivision without the written consent of the owner of tract B. Although it is not clear from the record, the parties agree that the Board relied on statutory authority and on a general, unwritten policy of requiring consent. Plaintiff filed this action after the Board refused to waive the consent requirement.

In his complaint, plaintiff sought review under C.R.C.P. 106(a)(4) and similar declaratory relief pursuant to C.R.C.P. 57, arguing that the statute relied upon by the Board, § 30–28–137(4), C.R.S.2001, could not reasonably be interpreted to require the written consent of other landowners in these circumstances. Plaintiff further alleged that the Board abused its discretion by "unreasonably applying an unwritten, not duly adopted, and discretionary standard or policy as the basis for denying the Plaintiff's subdivision request."

In its answer, the Board admitted the following allegation contained in plaintiff's complaint: "[T]he Board has not duly adopted any standard or regulation requiring that all owners on a subdivision plat 'sign off' on an amended plat before an amended plat will be approved by the Board. The Board cannot produce any written standard or policy to this effect." However, the Board argued that § 30–28–137(4), fairly construed, provided authority for the written consent requirement and that, in any event, it was not required to adopt any written policies.

The district court initially agreed with plaintiff. In its judgment of August 8, 2000, the court noted that the record was not clear as to whether plaintiff had been informed of a consent requirement in written or oral form. It concluded that the "scant evidence" indicated that there was no written policy, which resulted in inadequate notice to potential users of the land of a consent requirement. It further ruled that the Board's reliance on § 30–28–137(4) was a "misconstruction" of applicable law and an abuse of discretion, and it concluded that plaintiff should be allowed to present his application for modification of his subdivision to the Board for appropriate proceedings pursuant to Board policy.

On August 23, the Board filed a timely motion for reconsideration under C.R.C.P. 59. In that motion, the Board did not rely on § 30–28–137(4), but instead alleged that Montezuma County Land Use Code Resolution 2–98, paragraph 7104.2(B) (Resolution 2–98)—a provision not previously brought to the trial court's attention—required written consent of all subdivision owners to any amendment and provided sufficient authority for the Board's refusal to grant plaintiff's application.

Plaintiff opposed the motion, arguing that in light of the Board's admission that there was no such regulation, Resolution 2–98 was new evidence that the Board was barred from presenting and, alternatively, challenging the applicability of that resolution. In its reply, filed September 21, the Board did not press for application of Resolution 2–98, but cited as authority for its actions yet another provision not previously brought to the trial court's attention, Montezuma County Subdivision Resolution 6–94, § 6–402(2) (Resolution 6–94).

Plaintiff objected to the Board raising a new argument in its reply, and at plaintiff's request, the district court issued an order on September 28, treating the Board's reply as a "new motion" and granting plaintiff until October 16 to respond.

Plaintiff's response, filed on October 13, challenged the timeliness of the "new" motion under C.R.C.P. 59(a). Plaintiff also argued that Resolution 6–94 was not applicable to the circumstances and that, in any event, it could not be the basis for an amended judgment because it was new evidence that did not meet the requirements of C.R.C.P. 59(d)(4). The Board's reply, filed on October 18, argued that consideration of Resolution 6–94 was not new evidence but merely an acknowledgement of the correct state of the law.

On November 2, the district court entered judgment vacating the August 8 judgment it had entered in plaintiff's favor. The court found instead that, under Resolution 6–94, the Board had properly denied plaintiff's application. The court determined that the August 23 motion could be considered, and was timely, under either C.R.C.P. 59 or 60(b)(5). It further determined that the Board's earlier admission as to the lack of written authority was an erroneous statement of law, not of fact, which the court was not bound to accept. The November 2 judgment was entered more than sixty days after the first C.R.C.P. 59 motion but less than sixty days after the "new" motion.

## I.

■ Plaintiff first contends that the district court lacked jurisdiction to rule on the Board's postjudgment motions under C.R.C.P. 59. Specifically, plaintiff argues that the November 2 ruling was invalid because it was entered more than sixty days from the filing of the first C.R.C.P. 59 motion, and that the "new" motion could not extend the sixty-day deadline because it was filed more than fifteen days from the date of the judgment. We agree.

■ A ruling entered more than sixty days after the timely filing of a C.R.C.P. 59 motion is void. *Driscoll v. District Court*, 870 P.2d 1250 (Colo.1994). C.R.C.P. 59(j) provides that if there are multiple motions for postjudgment relief, the sixty-day period does not begin to run until the date the last such motion is filed. While C.R.C.P. 59(a) provides that motions for amendment of judgment shall be filed within fifteen days

"or such greater time as the court may allow," a court may only allow greater time during the fifteen days following the entry of judgment. Once that period expires, the court loses jurisdiction to grant additional time. *Henley v. Wendt*, 640 P.2d 271 (Colo. App.1982).

Here, the Board's September 21 reply was a "new" C.R.C.P. 59 motion, *see Flagstaff Enterprises Construction, Inc. v. Snow*, 908 P.2d 1183 (Colo.App.1995)(court will not address issues raised for the first time in a reply brief on a post-trial motion), and because it was not filed within fifteen days of the August 8 judgment, it was untimely. Thus, the sixty-day period under C.R.C.P. 59(j) ran from the date the first motion was filed and expired on October 22. Thereafter, the district court had no jurisdiction to grant any motion under C.R.C.P. 59, and to the extent relief was based on that rule, the November 2 judgment is void.

## II.

Plaintiff contends that the district court also erred to the extent it granted the Board's postjudgment motion under C.R.C.P. 60(b)(5). Again, we agree.

■ C.R.C.P. 60(b)(5) provides that a party may be relieved from a judgment "for any reason justifying relief." Application of this catch-all provision has been limited to "extreme situations or extraordinary circumstances" not covered by the other provisions of the rule, and in the absence of extraordinary circumstances, granting relief under C.R.C.P. 60(b)(5) is an abuse of discretion. *Davidson v. McClellan*, 16 P.3d 233, 237 (Colo.2001).

■ Here, the Board's asserted basis for relief is that the district court erroneously applied the law in the August 8 ruling by failing to consider Resolution 6–94 and Resolution 2–98. This legal ruling, even if incorrect, does not amount to an extraordinary circumstance. While C.R.C.P. 59 gives a trial court "full power to correct any and all errors committed," *Blue Cross v. Bukulmez*, 736 P.2d 834, 840 (Colo.1987), under C.R.C.P. 60(b)(5), the erroneous application of the law

is simply not a sufficient basis for relief. *E.B. Jones Constr. Co. v. City & County of Denver,* 717 P.2d 1009 (Colo.App.1986).

The Board's argument for judicial economy does not alter this conclusion. The Board argues that, if plaintiff's application is sent back to the Board for further consideration, it will simply deny it based on the two resolutions. Thus, the Board contends, permitting the November 2 judgment to stand will achieve the same result more expeditiously.

■ While this may be so, the district court's role under C.R.C.P. 106(a)(4) was limited to a review of the Board's decision based on matters contained in the record. *See City of Aspen v. Marshall,* 912 P.2d 56 (Colo. 1996). Here, there was no evidence in the record before the district court that the Board's original decision was based on these resolutions. Thus, until the Board considers plaintiff's application in light of these resolutions, there is no record on which either the district court, or this court, may determine their applicability. Consequently, such issues could not be addressed in the postjudgment proceedings here, but must await another action. *See Hessling v. City of Broomfield,* 193 Colo. 124, 563 P.2d 12 (1977)(reviewing court in a C.R.C.P. 106 action may not uphold a decision on basis that was not relied on by governmental body).

■ The Board also argues that the November 2 judgment was proper under C.R.C.P. 60(b)(1). However, this argument was not raised in the district court and was not a basis of the district court's ruling. Therefore, we decline to address it. *See Dove v. Delgado,* 808 P.2d 1270 (Colo.1991).

### III.

The Board points out that the district court's August 8 judgment also granted declaratory relief to plaintiff and that the provisions in § 13–51–112, C.R.S.2001, and C.R.C.P. 57(h), authorizing such relief, allow "further relief" when necessary or proper. Thus, the Board contends, the district court's November 2 judgment was appropriate "further relief," and the restrictions imposed by C.R.C.P. 59 and 60 are inapplicable. Additionally, the Board contends that declaratory judgment actions are "special statutory proceedings" under C.R.C.P. 81(a), such that C.R.C.P. 59 and 60 must yield to the statutory provisions in case of inconsistency or conflict. The Board argues that strict application of C.R.C.P. 59 and 60 conflicts with the stated policy in § 13–51–102, C.R.S.2001, and C.R.C.P. 57(k) to construe and administer more liberally provisions relating to declaratory relief, in particular, here, the "further relief" provisions of the statute and the declaratory judgment rule. We disagree with both contentions.

■ Contrary to the Board's assertion, reversal of an underlying declaratory judgment is not the "further relief" contemplated by the statute and rule but is, instead, ordinary postjudgment relief. While the Board is correct that "further relief" is not limited to the original prevailing party, nevertheless, such relief must seek remedies different from those granted in the declaratory judgment. *Atchison v. City of Englewood,* 180 Colo. 407, 414, 506 P.2d 140, 143 (1973)("[A] declaratory judgment is conclusive as to the questions raised by the parties and passed upon by the court."). *See also Eason v. Board of County Comm'rs,* 961 P.2d 537, 539 (Colo.App.1997)("other proceedings to enforce the rights determined by the judgment" are not barred by failure to seek the relief in prior declaratory judgment action); *City & County of Denver v. Chuck Ruwart Chevrolet, Inc.,* 32 Colo.App. 191, 194, 508 P.2d 789, 791 (1973)(res judicata not a bar to subsequent action when party is seeking "entirely different remedy" from that in the declaratory judgment); *Condon Nat'l Bank v. Krigel,* 179 Kan. 274, 278, 294 P.2d 241, 244 (1956)(findings of fact and conclusions of law in declaratory judgment action are considered "final, irrevocable and determined factors" for purposes of subsequent proceeding).

Here, even if the Board's postjudgment motions could be considered subsequent proceedings, they sought only reconsideration of determined conclusions of law rather than a different remedy. Such reconsideration is not "further relief" as contemplated by § 13–51–112 and C.R.C.P. 57(h).

Furthermore, and also contrary to the assertion of the Board, the fact that declaratory judgment actions are special statutory proceedings does not, standing alone, supplant the applicability of C.R.C.P. 59 or 60.

C.R.C.P. 81(a) provides that the rules of civil procedure "do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the *procedure and practice* provided by the applicable statute" (emphasis added). Application of this exception is "triggered by the express provision of an adequate, exclusive, full, and complete procedure and practice as to the special statutory proceeding which plainly obviates the need for application of the rules of civil procedure." *Moody v. Larsen*, 802 P.2d 1169, 1172 (Colo.App.1990).

Section 13–51–111, C.R.S.2001, specifically provides, however, that declaratory judgment orders "may be reviewed as other orders, judgments, and decrees." *See also* C.R.C.P. 57(g). Section 13–51–113, C.R.S.2001, also provides that issues of fact may be determined "in the same manner as issues of fact are tried and determined in other civil actions." *See also* C.R.C.P. 57(i). While the declaratory judgment statute does not specifically provide for postjudgment relief, § 13–51–105, C.R.S.2001, states that "such declarations shall have the force and effect of a final judgment or decree." *See also* C.R.C.P. 57(a). And, although the declaratory judgment provisions, as discussed, provide for the granting of further relief subsequent to the entry of the judgment, they do not provide a method alternative to the rules of civil procedure to set aside a declaratory judgment that is otherwise final under § 13–51–105.

In light of our determination that the trial court improperly granted postjudgment relief, we find it unnecessary to address plaintiff's other arguments.

The judgment entered November 2, 2000 is vacated, and the case is remanded to the district court with orders to remand the matter to the Board for further consideration pursuant to the judgment entered August 8, 2000.

RULAND and DAILEY, JJ., concur.