**CITY OF STERLING, Colorado, Plaintiff–Appellant and Cross–Appellee,**

v.

**STERLING IRRIGATION COMPANY, Kathy Seetch, Ken Gareis, Tom Giacomini, Gene Manuello, Dale Anderson, Eugene Rizzolo, and Robert L. Pennington, Defendants–Appellees and Cross–Appellants.**

Nos. 00CA1828, 01CA0492.

Colorado Court of Appeals, Div. II.

Jan. 3, 2002.

White & Jankowski, LLP, David F. Jankowski, Austin C. Hamre, Denver, CO, for Plaintiff–Appellant and Cross–Appellee.

Hustead Law Firm, P.C., Patrick Q. Hustead, Jeremy A. Sitcoff, Denver, CO, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge NIETO.

Plaintiff, City of Sterling, appeals the order denying its motion for relief from a judgment entered in favor of defendant, Sterling Irrigation Company (SIC). We reverse and remand with directions.

SIC is a mutual ditch company. The City, a shareholder in SIC, purchased additional shares of stock from another shareholder. These additional shares had historically been used to irrigate land owned by the shareholder. The City requested that SIC issue a new stock certificate and transfer the shares to the City. However, before it transferred the shares, SIC sought reassurances from the City that it was bound by and would comply with SIC's by-laws. In pertinent part, the by-laws state that transfer of water to land not previously irrigated by water from SIC shares is not permitted without the approval of SIC's board of directors. The City acknowledged that it is bound by the by-laws but refused to indicate to what use the water may be put and asserted that it was not required to make such an indication prior to transfer of the shares. SIC refused to transfer the shares to the City.

The City filed a complaint against SIC in district court requesting an order directing SIC to transfer the shares. SIC filed counterclaims requesting a judgment declaring: (1) that the City is bound by SIC's by-laws and that transfer and use of the shares are subject to SIC's by-laws; (2) that the City may not use water represented by the shares for any use except irrigation of lands historically irrigated by the ditch; (3) that SIC's by-laws require that transfer of water to lands not previously irrigated or "for purposes not previously made" may not be made except upon order and approval of SIC's board of directors; and (4) that the permissible uses of waters diverted pursuant to SIC's decree are solely those set forth in the decree and that, as a shareholder in SIC, the City is bound by such a decree.

Both parties filed motions for summary judgment. The trial court granted the City's motion and ordered SIC to transfer the shares. That judgment has not been appealed. The trial court also granted SIC's motion and entered the declaratory judgment it had requested, except for the request to construe the water decree. The City then filed a motion for relief from judgment pursuant to C.R.C.P. 60, asserting that the trial court lacked subject matter jurisdiction. The trial court denied the motion, and the City now appeals that order.

## I.

Initially, we address our jurisdiction in this appeal. The City originally filed its appeal in the supreme court. The supreme court transferred the appeal to this court pursuant to § 13–4–110(2), C.R.S.2001. This section provides for the transfer of an appeal that is

within the jurisdiction of this court, but which is erroneously filed in the supreme court.

▪ The court of appeals has jurisdiction over appeals from final judgments of the district courts, § 13–4–102(1), C.R.S.2001, but does not have jurisdiction over "[w]ater cases involving priorities or adjudications." Section 13–4–102(1)(d), C.R.S.2001. While we conclude that SIC's counterclaims involved water matters, the judgment now appealed is the final judgment of the district court. Therefore, we have jurisdiction to decide the issues raised in this appeal.

## II.

▪ The City contends the district court did not have subject matter jurisdiction over SIC's counterclaims because the counterclaims concern water matters. The City argues that the counterclaims concern its use of water rights arising out of the shares, and therefore those claims constitute "water matters" under § 37–92–203(1), C.R.S.2001, and fall under the exclusive subject matter jurisdiction of the water court. We agree.

▪ Shares of stock in a mutual ditch corporation represent the stockholder's interest in water rights. Ownership of such stock includes the right to the exclusive use of the water it represents, with the water controlled by the corporation being divided on a pro rata basis according to the number of shares held by each shareholder. The ownership of shares in a mutual ditch company is merely incidental to the ownership of the water rights by the shareholders. The shares represent a definite and specific water right, which is a specific property interest. A shareholder's interest cannot be altered or defeated by any action of the ditch company or its shareholders. *Jacobucci v. District Court*, 189 Colo. 380, 541 P.2d 667 (1975).

▪ "Resolution of what constitutes a water matter turns on the distinction between the legal right to *use* of water (acquired by appropriation), and the *ownership* of a water right." *Humphrey v. Southwestern Development Co.*, 734 P.2d 637, 640 (Colo.1987). An action to determine the ownership of a water right is within the general jurisdiction of the district courts. Adjudication of the right to use water, on the other hand, is a water matter within the exclusive jurisdiction of the water court. *Chatfield East Well Co. v. Chatfield East Property Owners Ass'n*, 956 P.2d 1260 (Colo.1998). The substance of the relief sought, rather than the form of the pleading, determines whether a particular action is a water matter. *Great Western Sugar Co. v. Jackson Lake Reservoir & Irrigation Co.*, 681 P.2d 484 (Colo.1984).

▪ Shareholders of a ditch company have the right to change the place of use of water if other users are not injured thereby. *Jacobucci v. District Court, supra.* By-laws of a ditch company concerning changes of use, if reasonable, can be enforced. However, by-laws do not oust the water court of its jurisdiction to determine water matters, and shareholders adversely affected by ditch company action can still invoke the water court's jurisdiction. *Fort Lyon Canal Co. v. Catlin Canal Co.*, 642 P.2d 501 (Colo.1982).

Here, all of SIC's declaratory judgment claims concern the City's use of its water rights obtained through ownership of shares in SIC. The claims seek a judicial decree that the City can only use the water to irrigate certain defined land and that it cannot change the use without SIC's consent. SIC's claims, in effect, are a request to define limitations on the City's use of its water rights. We conclude these claims relate to the use of water.

We reject SIC's argument that its claims do not involve the use of water. SIC has characterized its claims as requests for a declaration that the City could not own the shares unless and until it acknowledged it was bound by SIC's by-laws. However, SIC did not limit its claims to such a declaration. Its claims directly address the City's right to use the water rights represented by the shares of stock. While SIC characterizes the issue as one of ownership, the thrust of SIC's claims is to define the parameters of the City's permissible use of its water rights.

SIC also argues that the construction of its by-laws and the identification of the legal rights arising out of them are matters traditionally within the district court's jurisdic-

tion, which jurisdiction includes the construction of a document that may have an incidental impact on the use of water. Again we disagree.

SIC's claims have more than an incidental impact on the City's use of its water rights. SIC seeks to define the parameters of the use of those water rights, and that is a matter beyond the district court's jurisdiction. In contrast, if the construction of the by-laws is necessary for the water court's adjudication of the City's right to use its water, the water court will have jurisdiction over this ancillary issue. *See Crystal Lakes Water & Sewer Ass'n v. Backlund*, 908 P.2d 534 (Colo.1996)(water court has jurisdiction over ancillary issues that directly affect the outcome of water matters).

An examination of the potential impact of the declaratory judgment further demonstrates that, based on the relief SIC seeks, this a water matter. Were the declaratory judgment upheld and the City thereafter were to seek and be denied approval from SIC to make a different use of the water, the City would then have the right to contest SIC's action in the water court. *See Fort Lyon Canal Co. v. Catlin Canal Co., supra.* However, at that point the district court judgment would be an adjudication that the City can use its water only for irrigation of land historically irrigated and that any change in use is subject to SIC's approval. Therefore, SIC could assert that the City would be precluded from petitioning the water court for an order to allow uses other than those decreed by the district court's judgment because those issues would have already been judicially determined. If the district court's declaratory judgment were upheld, SIC could argue that the water court cannot address an issue that is clearly within its exclusive jurisdiction.

Accordingly, we conclude that SIC's claims involve the City's right to use its water rights, and thus the claims are water matters within the exclusive jurisdiction of the water court under § 37–92–203(1). Therefore, the district court did not have subject matter jurisdiction over SIC's counterclaims.

Having determined that the trial court lacked subject matter jurisdiction, it is un-necessary to address the remaining issues raised by the City and SIC.

The order denying the City's C.R.C.P. 60 motion is reversed, and the case is remanded with directions to grant the motion and dismiss SIC's counterclaims.

Judge JONES and Judge ROTHENBERG concur.