**SR CONDOMINIUMS, LLC, a Colorado limited liability company, Petitioner–Appellee,**

v.

**K.C. CONSTRUCTION, INC., Respondent–Appellant.**

No. 06CA0396.

Colorado Court of Appeals, Div. V.

Dec. 27, 2007.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

Frascona, Joiner, Goodman and Greenstein, P.C., Cinthia M. Manzano, Boulder, Colorado, for Petitioner–Appellee.

Samuel J. Stoorman & Associates, P.C., Samuel J. Stoorman, Amy H. Rubright, Sonja K. Spitzer, Nicole Hanson, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge GRAHAM.

Respondent, K.C. Construction, Inc., appeals the district court's orders denying its C.R.C.P. 60(b) motion for relief from the judgment releasing its mechanic's lien against property owned in part by petitioner, SR Condominiums, LLC, and awarding SR Condominiums its attorney fees and costs. We affirm the district court's order denying K.C. Construction's C.R.C.P. 60(b) motion,

but vacate the order awarding SR Condominiums its attorney fees and costs.

## I. Background

On April 15, 2005, K.C. Construction filed a mechanic's lien pursuant to section 38–22–101, C.R.S.2007, in the amount of $86,000.00 against property owned in part by SR Condominiums.

On June 3, 2005, SR Condominiums petitioned the district court under the Spurious Liens and Documents statute (SLD statute), sections 38–35–201 through–204, C.R.S.2007, to invalidate the mechanic's lien, arguing that it was a spurious lien or a spurious document.

On August 18, 2005, after a hearing, the district court found that the mechanic's lien was not valid because K.C. Construction had no reasonable basis to file a blanket lien—that is, a lien that encumbered the entire property—because it had only performed work on a portion of that property for which a narrower description was available. The court also found that K.C. Construction failed to comply with the provisions of section 38–22–109(3), C.R.S.2007, because it did not serve a notice of intent to file a lien statement on all owners of the property. Based on these findings, the court concluded that the mechanic's lien was a spurious lien under section 38–35–201(4), C.R.S.2007, and a spurious document under section 38–35–201(3), C.R.S.2007, and released the lien. The court also concluded that SR Condominiums was entitled to recover its attorney fees and costs pursuant to section 38–35–204.

On January 12, 2006, after the time for filing an appeal had expired, K.C. Construction filed its C.R.C.P. 60(b) motion. There, it argued that the court's order was void because the court did not have subject matter jurisdiction to determine the validity of the mechanic's lien in a summary proceeding under the SLD statute, citing *Tuscany, LLC v. Western States Excavating Pipe & Boring, LLC*, 128 P.3d 274 (Colo.App.2005), which had been announced six days before the hearing. *Tuscany* held that, because mechanic's liens are excluded from the SLD statute, a court may not adjudicate the validity of a mechanic's lien under the SLD statute. *See id.* at 279.

K.C. Construction argued that *Tuscany* represented a change in relevant case law that constituted an extraordinary circumstance or, alternatively, that the court's ruling was a mistake of law. K.C. Construction contended that the court should not award SR Condominiums its attorney fees and costs under section 38–35–204 in light of *Tuscany*.

The district court denied K.C. Construction's C.R.C.P. 60(b) motion on February 13, 2006. The same day, the district court awarded SR Condominiums $14,303.98 in attorney fees and costs pursuant to section 38–35–204.

We note that our consideration of this appeal is limited to the court's orders denying K.C. Construction's C.R.C.P. 60(b) motion and awarding attorney fees and costs to SR Condominiums. We will not consider the court's order invalidating K.C. Construction's mechanic's lien because the appeal of that order was not timely.

## II. C.R.C.P. 60(b) Motion

Because we reject K.C. Construction's arguments regarding subject matter jurisdiction and the new case law, we conclude that the district court properly denied the C.R.C.P. 60(b) motion.

## A. Standard of Review

We review the district court's denial of a C.R.C.P. 60(b) motion for an abuse of discretion. *See Davidson v. McClellan*, 16 P.3d 233, 238 (Colo.2001); *State Farm Mut. Auto. Ins. Co. v. McMillan*, 925 P.2d 785, 790 (Colo.1996). The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *See Lakeside Ventures, LLC v. Lakeside Dev. Co.*, 68 P.3d 516, 518 (Colo.App.2002). We review the court's ruling in light of the importance to be accorded the principle of finality and the purposes of C.R.C.P. 60(b). *Davidson*, 16 P.3d at 239.

The principle of finality dictates that "[i]t is essential, for practical reasons as well as for fundamental fairness, that there be a point at which litigation reaches a conclusion

and that parties be permitted to rely on the outcome." *Id.* at 236.

If judgments could easily be set aside, public confidence in the courts would be undermined. As judges and legal scholars have long recognized, protecting the finality of judgments promotes stability, certainty, and consistency in the law, and enhances the credibility of the judicial system....

*People in Interest of J.A.U. v. R.L.C.,* 47 P.3d 327, 330 (Colo.2002).

C.R.C.P. 60(b) " 'attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done.' " *Canton Oil Corp. v. Dist. Court,* 731 P.2d 687, 694 (Colo. 1987) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2851, at 140 (1973)); *see also Davidson,* 16 P.3d at 237; *McMillan,* 925 P.2d at 790. Therefore, while final judgments are generally conclusive between the parties, *see J.A.U.,* 47 P.3d at 330, C.R.C.P. 60(b) permits a court to grant a party relief from a final judgment in certain circumstances.

Although K.C. Construction cites to C.R.C.P. 60(b)(1), (3), (4), and (5) on appeal, its arguments rely solely on subsections (b)(3) and (b)(5). Therefore, our review is limited to whether K.C. Construction is entitled to relief under subsections (b)(3) and (b)(5). *See People v. Simpson,* 93 P.3d 551, 555 (Colo.App.2003) (we decline "to consider a bald legal proposition presented without argument or development"); *Westrac, Inc. v. Walker Field,* 812 P.2d 714, 718 (Colo.App. 1991) ("It is the duty of counsel to inform the court both as to specific errors relied upon and as to the grounds, supporting facts, and authorities therefor.").

### B. Subject Matter Jurisdiction

K.C. Construction first contends it was entitled to relief under C.R.C.P. 60(b)(3) because the court's order was void as the court did not have subject matter jurisdiction to invalidate its mechanic's lien in a summary proceeding under the SLD statute. We disagree.

■ A court may grant a party relief from a void judgment or order. *See* C.R.C.P. 60(b)(3). Generally, if a court lacks subject matter jurisdiction, any judgment it renders is void. *See In re Water Rights of Columbine Assocs.,* 993 P.2d 483, 488 (Colo.2000); *Olson v. Hillside Cmty. Church SBC,* 124 P.3d 874, 878 (Colo.App.2005); *In re Marriage of Mallon,* 956 P.2d 642, 645 (Colo.App. 1998). We conclude that the court had subject matter jurisdiction.

■ The Colorado Constitution vests district courts with general subject matter jurisdiction in civil cases. *See* Colo. Const. art. VI, § 9. "As courts of general jurisdiction, the district courts in Colorado have the authority to consider questions of law and of equity and to award legal and equitable remedies." *Paine, Webber, Jackson & Curtis, Inc. v. Adams,* 718 P.2d 508, 513 (Colo.1986); *see also Colo. Ins. Guar. Ass'n v. Menor,* 166 P.3d 205, 209 (Colo.App.2007); *Brown v. Silvern,* 141 P.3d 871, 873–74 (Colo.App.2005). This constitutional grant of jurisdiction may be limited by the legislature when that limitation is explicit. *In re A. W.,* 637 P.2d 366, 373–74 (Colo.1981); *Minto v. Lambert,* 870 P.2d 572, 575 (Colo.App.1993) (noting that "[t]he only restriction on a district court's subject matter jurisdiction our supreme court has expressly recognized that arguably applies to a class of cases within that jurisdiction involves claims of sovereign immunity" where the statute involved specifically provided that compliance with the statutory scheme was a "jurisdictional prerequisite").

■ "[S]ubject matter jurisdiction concerns the court's authority to deal with the class of cases in which it renders judgment, not its authority to enter a particular judgment in that class." *Minto,* 870 P.2d at 575; *see also Paine,* 718 P.2d at 513 (a court has subject matter jurisdiction if "the case is one of the type of cases that the court has been empowered to entertain by the sovereign from which the court derives its authority" (quoting R. Casad, *Jurisdiction in Civil Actions* para. 1.01[1] (1983))).

Thus, in determining whether a court has subject matter jurisdiction, it is important to distinguish between cases in which a court is

devoid of power and those in which a court may have inappropriately exercised its power. *See Minto,* 870 P.2d at 575 ("there has been confusion about subject matter jurisdiction because of a blurring of the distinction between the appropriate exercise of power and the absence of power").

 Whether a court possesses jurisdiction over a claim is dependent upon the nature of the claim and the relief sought. *Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47, 50 (Colo.2002); *Columbine Assocs.,* 993 P.2d at 488. In our analysis, we consider the substance of the claim, including the facts alleged and the relief requested. *Trans Shuttle,* 58 P.3d at 50. If a court does not have power to resolve a dispute, then it does not have subject matter jurisdiction over the claim. *Skyland Metro. Dist. v. Mountain W. Enter., LLC,* — P.3d —, —, 2007 WL 1704177 (Colo.App. No. 04CA2605, June 14, 2007); *Brown,* 141 P.3d at 873.

 Here, SR Condominiums petitioned the court to determine the validity of K.C. Construction's mechanic's lien in a summary proceeding under the SLD statute. The district court, as a court of general jurisdiction, had the authority to determine the validity of a mechanic's lien. Likewise, the district court had the authority to apply the SLD statute. Thus, the district court had the authority to deal with those classes of cases.

We are not persuaded by K.C. Construction's argument that, after the announcement of *Tuscany,* the district court did not have subject matter jurisdiction because it was precluded from invalidating its mechanic's lien under the SLD statute. *See Tuscany,* 128 P.3d at 279. We agree with the reasoning in *Tuscany,* but do not interpret it as limiting the district court's jurisdiction.

The legislature did not explicitly limit the district court's subject matter jurisdiction in either the SLD statute or the article governing mechanic's liens, sections 38–22–101 through–133, C.R.S.2007 (mechanic's lien statute). There is no language in either statute that could be interpreted as a "jurisdictional prerequisite." Rather, *Tuscany* stands for the proposition that the court may

not invalidate a mechanic's lien under the SLD statute as a matter of law. The court nevertheless retains the power to adjudicate the validity of mechanic's liens under the mechanic's lien statute but should no longer invalidate mechanic's liens under the SLD statute.

Here, the district court had the power to deal with SR Condominiums' petition but inappropriately exercised its power by declaring K.C. Construction's mechanic's lien invalid under the SLD statute. We therefore conclude that the district court had subject matter jurisdiction, but erroneously applied the SLD statute in light of *Tuscany.*

 A court's erroneous application of the law is not sufficient to render its judgment void. *See J.A.U.,* 47 P.3d at 330; *King v. Everett,* 775 P.2d 65, 67 (Colo.App.1989). Accordingly, the court did not abuse its discretion when it denied K.C. Construction's motion under C.R.C.P. 60(b)(3), because the judgment was not void.

## C. Residuary Provision

K.C. Construction next contends that the district court erred in denying its motion because *Tuscany* was a change in decisional case law that constituted an extraordinary circumstance under C.R.C.P. 60(b)(5). Again, we disagree.

A court may grant a party relief from a final judgment or order when there is "any other reason justifying relief from the operation of the judgment." C.R.C.P. 60(b)(5). Subsection (b)(5), the residuary provision, attempts to strike a balance between the importance of the finality of judgments and the interests of justice. *Davidson,* 16 P.3d at 237.

 "[T]o prevent this residuary provision from swallowing the enumerated reasons and subverting the principle of finality, it has been construed to apply only to situations not covered by the enumerated provisions and only in extreme situations or extraordinary circumstances." *Id.; see also McMillan,* 925 P.2d at 790 (construing the residuary provision too broadly could create much uncertainty about the validity of judgments); *Spencer v. Bd. of County Comm'rs,* 39 P.3d 1272, 1275 (Colo.App.2001).

■ A change in decisional law alone after a judgment has become final is not sufficient to amount to an extraordinary circumstance necessary to vacate a final judgment. *Davidson,* 16 P.3d at 237–38. To constitute an extraordinary circumstance, such a change must be accompanied by other circumstances, such as those present in *McMillan,* where the trial court was considering a question of law of first impression, the same issue was concurrently set for determination on appeal, all parties agreed that the law of the concurrent case was dispositive, and there was no prejudice to either party. *See McMillan,* 925 P.2d at 791. "The law is presumed to be in a constant state of revision and change, and therefore if a subsequent change in the decisional law were itself sufficient, there could be little confidence in the finality of a judgment." *Davidson,* 16 P.3d at 238 (citation omitted).

An erroneous application of the law is also insufficient for a court to grant relief under C.R.C.P. 60(b)(5). *See Spencer,* 39 P.3d at 1275–76.

■ We conclude that *Tuscany's* holding that mechanic's liens ought not be adjudicated under the SLD statute did not constitute an extraordinary circumstance entitling K.C. Construction to relief from the court's order invalidating its mechanic's lien. Here, unlike in *McMillan,* there were no extenuating circumstances that accompanied the change in decisional case law under *Tuscany.* Further, the court's erroneous application of the law is not an extraordinary circumstance.

The judgment invalidating K.C. Construction's mechanic's lien became final forty-five days after the court entered the judgment when K.C. Construction's time for appeal expired. K.C. Construction had the opportunity to challenge the court's erroneous application of the law based on *Tuscany* before the judgment became final but failed to do so. Instead, K.C. Construction waited almost five months to collaterally attack the judgment under C.R.C.P. 60(b).

■ C.R.C.P. 60(b)(5) is not a substitute for appeal. *See McMillan,* 925 P.2d at 791; *Cavanaugh v. State,* 644 P.2d 1, 5 (Colo. 1982) (same); *De Avila v. Estate of DeHerr-* *era,* 75 P.3d 1144, 1146 (Colo.App.2003) (same). A party's failure to file a timely appeal does not justify granting it extraordinary relief. *Cavanaugh,* 644 P.2d at 5.

K.C. Construction's reliance on *Canton Oil* to characterize its failure to directly appeal the court's order invalidating its mechanic's lien as one not based on a "free, calculated, [and] deliberate" choice is misplaced. We decline to adopt the reasoning in *Canton Oil* because the circumstances in that case are not analogous to those here. The issue in *Canton Oil* was whether jury misconduct constituted an extraordinary circumstance under C.R.C.P. 60(b)(5). There, evidence indicated that one or more jurors exhibited animus toward counsel and the judge because of their religion. Likening such conduct to mistake or fraud, the court held that relief under C.R.C.P. 60(b)(5) was appropriate where the jury misconduct had been found to be "horrifying" and "fetid," rendering the deliberations a "sham." *Canton Oil,* 731 P.2d at 694, 695. No such extraordinary circumstance exists here.

## III. Attorney Fees and Costs

■ K.C. Construction contends the district court erred in awarding SR Condominiums its attorney fees and costs pursuant to section 38–35–204. We agree.

The district court concluded in its order invalidating K.C. Construction's mechanic's lien that SR Condominiums was entitled to its attorney fees and costs pursuant to section 38–35–204. K.C. Construction objected to any award of attorney fees and costs, arguing that the court did not have any basis to award those attorney fees and costs after the announcement of *Tuscany,* because a court could no longer invalidate a mechanic's lien in a proceeding under the SLD statute.

We conclude that the court erred when it awarded SR Condominiums its attorney fees and costs pursuant to section 38–35–204, because after the announcement of *Tuscany,* the court no longer had any basis for awarding SR Condominiums its attorney fees and costs. Accordingly, we vacate the court's award of attorney fees and costs.

## IV. Hearing

In light of our conclusion that the district court erred in awarding SR Condominiums its attorney fees and costs, we need not consider K.C. Construction's contention that the district court erred in awarding those attorney fees and costs without a hearing.

The order denying K.C. Construction's C.R.C.P. 60(b) motion is affirmed. The order awarding SR Condominiums its attorney fees and costs is vacated.

Judge LOEB and Judge ROMÁN concur.