Elmer A. KOBOBEL, Mariam M. Kobobel, Larry A. Kobobel, Glen D. Kobobel, David A. Knievel, and Margery A. Knievel, Plaintiffs–Appellants,

v.

STATE of Colorado, DEPARTMENT OF NATURAL RESOURCES, Division of Water Resources; Harold D. Simpson, P.E., in his capacity as Colorado State Engineer; James R. Hall, P.E., in his capacity as Division Engineer in and for Water Division No. 1, Defendants–Appellees.

No. 08CA0530.

Colorado Court of Appeals, Div. I.

March 19, 2009.

Rehearing Denied May 14, 2009.

Anderson and Chapin, P.C., Robert B. Chapin, Brush, Colorado; Hanson Bridgett, LLP, Lyman D. Bedford, Larkspur, California, for Plaintiffs–Appellants.

John W. Suthers, Attorney General, Patrick L. Sayas, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge ROMÁN.

Plaintiffs, Elmer A. Kobobel, Mariam M. Kobobel, Larry A. Kobobel, Glen D. Kobobel, David A. Knievel, and Margery A. Knievel, appeal the trial court's order dismissing for lack of subject matter jurisdiction their complaint against defendants, State of Colorado, Department of Natural Resources, Division of Water Resources; Harold D. Simpson, P.E., State Engineer; and James R. Hall, P.E., Division Engineer, Water Division No. 1. We affirm in part and vacate in part.

## I. Background

Plaintiffs own farmland and irrigation wells near the South Platte River. On June 2, 2006, plaintiffs received letters from Water Division No. 1 of the state engineer stating that plaintiffs' wells were part of an augmentation plan in a pending water court case, and consequently, the wells could not pump water until the water court had entered a decreed plan for augmentation. Plaintiffs were ordered to "immediately cease and desist diverting water in violation of the above referenced law, decree, and/or permits."

Plaintiffs did not challenge the validity of the cease and desist orders, but they filed a complaint against defendants in district court

alleging that the cease and desist orders constituted takings in violation of Colorado Constitution article II, section 15, and the Fifth and Fourteenth Amendments of the United States Constitution. The complaint alleged:

> These takings deny plaintiffs' use of vested property rights in their wells, water, irrigated farmlands, and improvements. . . . The Order to Cease and Desist Use of Underground Water is a taking of Plaintiffs' right to use the wells and water and has practically or substantially rendered the land useless for all reasonable purposes.

Defendants moved to dismiss pursuant to C.R.C.P. 12(b)(1) and 12(b)(5) claiming: (1) jurisdiction is vested in the water court, (2) plaintiffs failed to state a claim for inverse condemnation, (3) the takings claims were not ripe for review, and (4) plaintiffs failed to state a cause of action under the U.S. Constitution with respect to their federal claims.

The trial court dismissed plaintiffs' complaint, stating:

> Plaintiffs' claims involve water matters. Therefore, it is the Water Court, not the District Court[,] which has exclusive jurisdiction. The cease and desist orders issued by the Water Court do not constitute takings. Finally, Plaintiffs' claims are not ripe for review and Plaintiffs have fail[ed] to state a cause of action under the United States Constitution with respect to their federal claims.

## II.  Jurisdiction

Plaintiffs contend the district court has jurisdiction to hear their complaint because they own vested water rights for irrigation. Because we conclude that the substance of relief sought requires a determination that plaintiffs had the right to use water for irrigation without interference from others, we disagree.

We review de novo a trial court's legal conclusions on a motion to dismiss for lack of subject matter jurisdiction. *Walton v. State,* 968 P.2d 636, 643 (Colo.1998); *Levine v. Katz,* 192 P.3d 1008, 1012 (Colo.App. 2006).

"Subject matter jurisdiction is 'a court's power to resolve a dispute in which it renders judgment.'" *In re J.C.T.,* 176 P.3d 726, 729 (Colo.2007) (quoting *Trans Shuttle, Inc. v. Pub. Utils. Comm'n,* 58 P.3d 47, 49–50 (Colo.2002)).

"Water courts retain exclusive jurisdiction over all water matters." *In re Tonko,* 154 P.3d 397, 404 (Colo.2007); *see* § 37–92–203(1), C.R.S.2008. "Water matters involve determinations regarding the right to use water, the qualification of a water right, or a change in a previously decreed water right." *Tonko,* 154 P.3d at 404. "[R]esolution of what constitutes a water matter turns on the distinction between the legal right to *use* of water (acquired by appropriation), and the *ownership* of a water right." *Crystal Lakes Water & Sewer Ass'n v. Backlund,* 908 P.2d 534, 540 (Colo.1996) (quoting *Humphrey v. Sw. Dev. Co.,* 734 P.2d 637, 640 (Colo. 1987)). "The substance of the relief sought, rather than the form of the pleading, determines whether a particular action is a water matter." *City of Sterling v. Sterling Irrigation Co.,* 42 P.3d 72, 74 (Colo.App.2002) (citing *Great W. Sugar Co. v. Jackson Lake Reservoir & Irrigation Co.,* 681 P.2d 484 (Colo.1984)).

Here, plaintiffs characterize the issue as one of ownership of their vested property rights. However, "[t]he property right we recognize as a Colorado water right is a right to use beneficially a specified amount of water, from the available supply . . . in priority under a decree, to the exclusion of all others not then in priority under a decreed water right." *Santa Fe Trail Ranches Prop. Owners Ass'n v. Simpson,* 990 P.2d 46, 53 (Colo.1999). Even decreed water rights are subject to limitation. *See* Gregory J. Hobbs, *The Public's Water Resource: Articles on Water Law, History, and Culture* 113–14 (2007) (explaining that the fundamental principles of Colorado water law favoring optimum use and efficient management and disfavoring speculation and waste are advanced by limiting decreed water rights to an amount of water that can be beneficially consumed). The limitation on use of a decreed water right is a water matter and is properly

resolved in a water court. *See Tonko,* 154 P.3d at 404 ("[w]ater matters involve determinations regarding the right to use water").

In *City of Sterling,* an irrigation company sought a declaratory judgment in the district court that the City, which owned shares of stock in the company, was bound by its by-laws. A division of this court rejected the company's argument that the district court had jurisdiction:

> [The company's] claims directly address the City's right to use the water rights represented by the shares of stock. While [the company] characterizes the issue as one of ownership, the thrust of [its] claims is to define the parameters of the City's permissible use of its water rights.

*City of Sterling,* 42 P.3d at 74; *see also Crystal Lakes Water & Sewer Ass'n,* 908 P.2d at 542 (issues of whether a party may operate wells "exempt from administration and not subject to the plans for augmentation" fall within the water court's exclusive jurisdiction).

Similarly here, the ownership of the water rights is not in question. Plaintiffs' claim involves the right to use water, not the ownership of it, and is therefore a water matter. *Cf. Humphrey,* 734 P.2d at 641 ("The practice in this state has long been that district courts have power to adjudicate disputes over ownership of water rights.").

■ Notably, plaintiffs were denied use of their wells pursuant to a pending water court case and anticipated augmentation plan. Augmentation requires evaluation of depleted water sources in conjunction with protecting vested rights. *In re Plan for Augmentation of City & County of Denver ex rel. Bd. of Water Comm'rs,* 44 P.3d 1019, 1025 (Colo.2002) ("If the water court finds that injury will occur to vested rights, it must impose terms and conditions on the augmentation plan to remedy such injury."). Thus, even though plaintiffs are not challenging the water court's cease and desist order, any resulting augmentation plan will be determinative of their right to use their wells without interference. *Id.* ("Section 37–92–305(3) [C.R.S.2008] expressly requires augmentation plans be made with due regard for the rights of other appropriators of the same water source.").

Consequently, the matter falls within the exclusive jurisdiction of the water court and the trial court properly dismissed the complaint for lack of subject matter jurisdiction.

### III. Other Claims

Plaintiffs contend the trial court erred in concluding that the cease and desist orders were not takings, that plaintiffs' claims were not ripe for review, and that plaintiffs failed to state a federal cause of action. Because the trial court properly concluded that it lacked subject matter jurisdiction, we agree that its remaining actions are void and must be vacated. *See Weaver Constr. Co. v. Dist. Court,* 190 Colo. 227, 232, 545 P.2d 1042, 1045 (1976) (actions by a court lacking subject matter jurisdiction must be vacated); *SR Condominiums, LLC v. K.C. Constr., Inc.,* 176 P.3d 866, 869 (Colo.App.2007) (actions by a court lacking subject matter jurisdiction are void).

Order affirmed as to subject matter jurisdiction, and vacated in all other respects.

Judge TAUBMAN and Judge LICHTENSTEIN concur.