**In re the MARRIAGE OF: Richard H. JONES, Appellant, Cross-Appellee,**

**and**

**Lois Christian Jones, Appellee, Cross-Appellant.**

**No. 82CA0371.**

Colorado Court of Appeals, Div. I.

April 28, 1983.

Rehearing Denied May 26, 1983.

Certiorari Denied Aug. 8, 1983.

French & Stone, P.C., Gary S. Mallo, Boulder, for appellant and cross-appellee.

Colleen Miller, Boulder, for appellee and cross-appellant.

SMITH, Judge.

This appeal by Richard Jones (husband) and Lois Jones (wife) concerns the final orders entered in a dissolution of marriage proceeding. We affirm that order in all particulars.

Initially, a decree of dissolution was granted February 29, 1980, at the hearing for permanent orders. At this hearing, the court made lengthy oral rulings from the bench as to the property division, maintenance, and attorney's fees and directed counsel for husband to prepare a written order of judgment.

Wife took exception to the court's oral ruling, and, on March 14, 1980, she filed a "Motion to Amend Permanent Order or in the Alternative Motion for New Trial" (motion) directed at the oral rulings of the court. This was the only such motion filed by wife.

Because of disputes between the parties as to what the written order was to contain,

it was not signed by the trial judge until August 7, 1980. Various attempts at settlement were held throughout the following year, during which no settlement was reached. Also, during this time, the original trial judge retired.

On October 2, 1981, wife's motion for new trial was granted by the new judge to whom the case was assigned.

After a subsequent hearing, permanent orders were issued by the trial court on February 1, 1982. Among other items, which are not contested, the trial court awarded wife two-thirds of the net proceeds of the sale of the family home. She was also awarded $500 per month maintenance for 11 months. Each party was ordered to pay his or her own attorney's fees.

In addition, wife was ordered to vacate the home by March 15, 1982, and husband was to take possession and be solely responsible for the sale of the home, with the court maintaining jurisdiction to approve or disapprove any proposed contract of sale.

Husband contends here that granting the new trial was error. Wife appeals the permanent orders entered after the second hearing.

### I.

On appeal, husband contends that because wife filed her motion some five months prior to the execution of the written order, and because she failed to refile that motion within fifteen days after execution of the written order, her motion was untimely filed, and the trial court erred in granting the wife a new trial.

In his argument, husband relies primarily upon the language of C.R.C.P. 59(b), which provides in pertinent part that:

"A motion for new trial shall be filed not later than 15 days after the entry of judgment . . . ."

Husband puts great emphasis on the phrase "after the entry of judgment." Relying on this language, husband asserts that such a motion as is at issue here is proper and timely filed only after entry of the written judgment. However, we note that the rule speaks only to the latest possible date such motion can be filed. Neither it, nor the cases relied upon by husband, deals with filing a motion before entry of the written judgment.

■ To determine whether such "early" filing is sufficient to preserve the question of new trial, we must look to the purpose of such motion. The primary purpose of a motion to amend judgment or for new trial is to give the court an opportunity to correct any errors that it may have made. *Manka v. Martin,* 200 Colo. 260, 614 P.2d 875 (1980); *Martin v. Opdyke Agency, Inc.,* 156 Colo. 316, 398 P.2d 971 (1965); *Hamilton v. Gravinsky,* 28 Colo.App. 408, 474 P.2d 185 (1970).

■ Here, the motion was filed after the court had issued its oral ruling. The written order did not differ in any substantive or substantial way from that oral order. Those parts of the oral order to which wife objected were contained in the written order. Wife's contentions in her motion were addressed to specific dispositions which appeared in both the oral and written order. Thus, the trial court was properly apprised of any possible error and given the opportunity to correct the errors, if any.

The requirements of C.R.C.P. 59, having been met, and the purpose of filing such motion having been fulfilled, we find no error in the granting of a new trial, such being within the sound discretion of the trial court. *Park Stations, Inc. v. Hamilton,* 38 Colo.App. 216, 554 P.2d 311 (1976). This is particularly true here where the original judge who had heard the evidence and entered the order was no longer on the bench.

### II.

On her cross-appeal, wife complains that the trial court erred in the division of property, limited award of maintenance, and denial of attorney's fees. We disagree.

■ Each of the foregoing are matters which are within the sound discretion of the trial court, and the trial court's order with regard to these matters will not be disturbed on review unless the trial court did

not consider relevant factors or unless a clear abuse of discretion appears in the record. *In re Marriage of Graham,* 194 Colo. 429, 574 P.2d 75 (1978) (division of property); *Carlson v. Carlson,* 178 Colo. 283, 497 P.2d 1006 (1972) (maintenance); *In re Marriage of Mitchell,* 195 Colo. 399, 579 P.2d 613 (1978) (attorney's fees).

Here, our review of the record reveals that sufficient evidence was presented to allow the trial court to consider all the pertinent statutory factors necessary to make a just disposition and to support the disposition, award of maintenance, and denial of attorney's fees. We perceive no abuse of discretion.

Wife's other contentions are without merit.

Judgment affirmed.

STERNBERG and COYTE *, JJ., concur.