**Francisco Hernandez De AVILA, Plaintiff–Appellant,**

v.

**ESTATE OF Emilio DeHERRERA, Deceased, Francis DeHerrera, as personal representative of the estate of Emilio DeHerrera, Defendant–Appellee.**

No. 02CA0355.

Colorado Court of Appeals, Div. II.

March 13, 2003.

Certiorari Denied Sept. 8, 2003.

William A. Martinez, P.C., William A. Martinez, Alamosa, Colorado; Graham Law Firm, David A. Graham, Taos, New Mexico, for Plaintiff–Appellant.

Sutton, Melonakis & Gulley, P.A., Debra K. Sutton, Jacquelyn S. Booker, Littleton, Colorado, for Defendant–Appellee.

Opinion by Judge MARQUEZ.

Plaintiff, Francisco Hernandez De Avila, appeals from an amended judgment against defendant, Estate of Emilio DeHerrera (decedent), reducing the prior judgment in the sum of $613,700 plus interest to a sum of $100,000 plus interest and costs. We reverse and remand for reinstatement of the original judgment.

On March 18, 1997, plaintiff was injured in an accident while riding as a passenger in a truck driven by decedent. Because no personal representative had been appointed for decedent's estate, plaintiff filed a petition on February 16, 1999, seeking his own appointment. However, decedent's widow was ultimately appointed.

On March 3, 2000, plaintiff filed the present personal injury action. Defendant's an-

swer asserted as an affirmative defense that "Plaintiff's claims are barred or limited by the provisions of the probate code, including but not limited to C.R.S. § 15–12–801, et seq." However, the defense was not mentioned during the trial.

Following a jury verdict, judgment was entered in favor of plaintiff. Defendant subsequently moved to vacate or amend the judgment pursuant to C.R.C.P. 59 and 60 based on § 15–12–801, et seq. The court granted the motion and reduced the amount of judgment as indicated above. In doing so, the court found as follows:

> [Section 15–12–803(3)(b), C.R.S.2002,] provides that claims brought four months or more after the death of the decedent are barred except that this proceeding against the defendant, or estate or personal representative may be brought "to the limits of the insurance protection only." The record reflects that this action was brought more than four months after the death of the decedent, at which time the claim arose. The record reflects that the limits of the insurance protection in this case are $100,000.

### I.

■ Initially, we conclude that the sixty-day period for granting the motion to amend judgment under C.R.C.P. 59(j) had expired.

Automatic denial under C.R.C.P. 59(j) is mandatory. When the court fails to rule within sixty days, the judgment becomes final, and the court loses jurisdiction. Actions taken under C.R.C.P. 59 after the sixty-day period are outside the court's jurisdiction and are void. *See Driscoll v. District Court,* 870 P.2d 1250 (Colo.1994).

Here, defendant filed a timely motion to vacate or amend judgment pursuant to both C.R.C.P. 59 and 60 on June 25, 2001, but the amended judgment was not signed until January 7, 2002. Therefore, the court was without jurisdiction to amend the judgment under C.R.C.P. 59.

### II.

However, we conclude the court had jurisdiction to rule under C.R.C.P. 60.

■ Divestiture of jurisdiction under C.R.C.P. 59 does not preclude the court from considering motions made under C.R.C.P. 60. *See Canton Oil Corp. v. District Court,* 731 P.2d 687 (Colo.1987)(holding that failure to rule within sixty days under C.R.C.P. 59 did not bar relief under defendants' C.R.C.P. 60(b) motion where misconduct was extraordinary). Thus, defendant's motion to amend theoretically could have been granted under C.R.C.P. 60.

### III.

Nonetheless, we conclude that relief was not warranted under C.R.C.P. 60, and the court therefore erred in amending the judgment.

C.R.C.P. 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect ... (3) the judgment is void ... or (5) any other reason justifying relief from the operation of the judgment.

A grant or denial of a C.R.C.P. 60(b) motion lies within the sound discretion of the trial court and, absent an abuse of discretion, will not be disturbed on appeal. *Davidson v. McClellan,* 16 P.3d 233 (Colo.2001); *Blesch v. Denver Publishing Co.,* 62 P.3d 1060 (Colo. App.2002).

■ C.R.C.P. 60 is not a substitute for appeal, but instead is meant to provide relief in the interest of justice in extraordinary circumstances. *E.B. Jones Construction Co. v. City & County of Denver,* 717 P.2d 1009 (Colo.App.1986). Thus, a C.R.C.P. 60 motion generally cannot be used to circumvent the operation of C.R.C.P. 59(j).

■ Exceptions to this rule occur when the facts of a case constitute an "extreme situation" warranting relief from judgment under C.R.C.P. 60(b)(5) or when the judgment is void. *See Sandoval v. Trinidad Area Health Ass'n,* 752 P.2d 1062, 1064 (Colo.App.1988); *see also People in Interest*

*of J.A.U. v. R.L.C.,* 47 P.3d 327 (Colo. 2002)(C.R.C.P.60(b) balances the preferred rule of finality of judgments and the need to provide relief in the interest of justice in exceptional cases). Therefore, defendant's claim for relief cannot be granted under C.R.C.P. 60(b)(1).

Further, C.R.C.P. 60(b)(5) has been narrowly interpreted to include only extreme situations and extraordinary circumstances. *Davidson v. McClellan, supra.*

Also, where a judgment is void, relief under C.R.C.P. 60(b)(3) is mandatory because from its inception, a void judgment was a complete nullity and without legal effect. Consequently, there is no judgment the propriety of which a court can review. *First National Bank v. Fleisher,* 2 P.3d 706 (Colo. 2000).

■ Here, whether relief from the original judgment was appropriate under C.R.C.P. 60(b)(3) or (5) turns on the meaning of § 15–12–803(3)(b). Defendant asserts that § 15–12–803 is a nonclaim statute and an absolute bar to enforcement of untimely claims, such as plaintiff's personal injury action, except to the extent of insurance limits. We conclude that § 15–12–803 is not an absolute bar, and thus, the original judgment was not void.

Section 15–12–803, provides in pertinent part as follows:

(2) All claims against a decedent's estate which arise at or after the death of the decedent … are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

(a) A claim based on a contract with the personal representative, within four months after performance by the personal representative is due;

(b) Any other claim, within four months after it arises.

(3) Nothing in this section affects or prevents: …

(b) To the limits of the insurance protection only, any proceeding to establish liability of the decedent or the personal representative for which he is protected by liability insurance

. . . .

■ Section 15–12–803 is a nonclaim statute, not a statute of limitations. *See In re Estate of Ongaro,* 998 P.2d 1097 (Colo.2000).

In cases prior to *Ongaro,* the supreme court had held that § 15–12–803(2) creates a jurisdictional bar to a claim untimely filed against a decedent's estate. *See In re Estate of Daigle,* 634 P.2d 71 (Colo.1981); *In re Estate of Randall,* 166 Colo. 1, 441 P.2d 153 (1968).

In *Ongaro,* the court addressed the one-year period under § 15–12–803(1)(a)(III), C.R.S.2002. It concluded that § 15–12–803(1), C.R.S.2002, does not divest courts of jurisdiction over untimely claims against estates, but nevertheless interpreted that section to bar the enforcement of the late-filed claim against the estate there. The court reasoned that "[t]he General Assembly's use of the term 'barred' indicates its intent to render concepts of waiver or tolling, which are applicable to statutes of limitations, *generally* inapplicable to section 15–12–803(1)." *In re Estate of Ongaro, supra,* 998 P.2d at 1102 (emphasis added). It also held that, unlike a statute of limitations, the nonclaim statute *"generally* cannot be waived or tolled." *In re Estate of Ongaro, supra,* 998 P.2d at 1104 (emphasis added). Contrary to defendant's argument here, the supreme court did not conclude that the statute was an absolute bar.

Plaintiff argues that the court should apply the time bar created by § 15–12–803 only when addressing the merits of the late-filed claim would delay the settlement of the estate and distribution of assets. And plaintiff asserts that there was no evidence of any delay of the settlement and distribution. We agree there was no evidence of delay.

The *Ongaro* court, in concluding that the plaintiff's claim was barred, noted that the rationale behind not permitting an estate's personal representative to waive the time requirement is "that the personal representative is a trustee of the estate for the benefit of its creditors and heirs, and as such cannot by his conduct waive any provision of a statute affecting their substantial rights." *In re Estate of Ongaro, supra,* 998 P.2d at 1104

(quoting *Crowley v. Farmers State Bank*, 109 Colo. 146, 152, 123 P.2d 407, 409 (1942)). "[C]ourts *generally* have refused to toll the ... nonclaim period in order to 'expedite the orderly and exact settlement of estates of decedents.' " *In re Estate of Ongaro, supra*, 998 P.2d at 1104 (quoting *In re Estate of Randall, supra*, 166 Colo. at 7, 441 P.2d at 155)(emphasis added). It further noted that "[o]ur cases consistently have recognized the policy in favor of dismissing untimely claims brought against an estate where addressing the merits of the claims would delay the settlement of the estate and the distribution of assets to the estate's devisees, legatees, and other claimants." *In re Estate of Ongaro, supra*, 998 P.2d at 1104.

The supreme court went on to reason that in *Ongaro*, where the personal representative had been appointed within two weeks of the decedent's death and the record reflected probate court proceedings, allowing the plaintiff to go forward would impair the speedy and efficient settlement of the estate. *See In re Estate of Ongaro, supra, aff'g* 973 P.2d 660 (Colo.App.1998).

Relying on *In re Estate of Ongaro*, plaintiff argues that the language in that opinion implies that under some circumstances the court could address the merits of an untimely claim. We agree.

Here, plaintiff filed his complaint in this personal injury action almost three years after decedent's death. However, decedent's personal representative was not appointed until after plaintiff had petitioned to be named personal representative, nearly two years after decedent's death. During this time, plaintiff was negotiating with decedent's insurance company to settle his claims. Therefore, reliance on the policy favoring dismissal over delay is unavailing here, and § 15–12–803 does not necessarily bar plaintiff's untimely complaint or the ensuing original judgment.

Here, because defendant did not file a timely appeal of the trial court's automatic denial under C.R.C.P. 59(j) and did not allege extraordinary circumstances that would justi-

fy relief under C.R.C.P. 60(b)(5), and because § 15–12–803 does not create an absolute bar making the original judgment void under C.R.C.P. 60(b)(3), we conclude the trial court erred in amending the judgment.

## IV.

In view of our disposition, we do not address plaintiff's contentions that: (1) there was no competent evidence to support the trial court's finding on the policy limits; (2) he met the statutory deadline by presenting the claim to the insurance adjuster, who presented it to the personal representative; and (3) defendant waived the § 15–12–803 defense by failing to specify or even raise the limitation argument before judgment was entered.

The judgment is reversed, and the case is remanded for reinstatement of the original judgment.

Judge NEY and Judge RULAND * concur.