Colorado Court of Appeals Opinions || March 24, 2016

Colorado Court of Appeals -- March 24, 2016
2016 COA 43. No. 14CA1671. Harriman v. Cabelaâs Inc.

  

 
 
 
 COLORADO COURT OF APPEALS

 
 2016 COA 43

 
 

  

 Court of Appeals No. 14CA1671
 Mesa County District Court No. 13CV4227
 Honorable Valerie J. Robison, Judge

 David Harriman,

 Plaintiff-Appellant,

 v.

 Cabela’s Inc., d/b/a Cabela’s,

 Defendant-Appellee.

 ORDER REVERSED AND CASE
 REMANDED WITH DIRECTIONS

 Division V
 Opinion by JUDGE BERNARD
 Lichtenstein and Màrquez*, JJ., concur

 Announced March 24, 2016

 The Law Firm of Alan G. Molk, P.C., Alan G. Molk, Greenwood Village, Colorado; The Fowler Law Firm, LLC, Timms R. Fowler, Fort Collins, Colorado, for Plaintiff-Appellee

 Godfrey Johnson, P.C., Brett Godfrey, David R. Struthers, Englewood, Colorado, for Defendant-Appellee

 *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2015

  

  

 ¶1       Colorado case law holds that a litigant cannot file a C.R.C.P. 60 motion as a substitute for an appeal or to avoid C.R.C.P. 59(j). This appeal raises the following question: Should a C.R.C.P. 60(b)(1) motion, which alleged that a litigant did not timely respond to a C.R.C.P. 12(b)(5) motion because of excusable neglect, be deemed denied by operation of C.R.C.P. 59(j)? The facts of this case lead us to answer this question "no."

 ¶2       The plaintiff in this case, David Harriman, was injured when he was a customer testing a hunting bow at an archery range in a store that was operated by the defendant, Cabela’s, Inc, d/b/a Cabela’s. He sued the store. The trial court granted the store’s C.R.C.P. 12(b)(5) motion.

 ¶3       The customer filed a C.R.C.P. 60(b)(1) motion that asked the trial court to set aside its judgment. The court denied the motion because it concluded that the motion to set aside had been deemed denied by operation of C.R.C.P. 59(j). The customer appealed. We reverse, and we remand the case for additional proceedings.

  

 I. I. Background

 A. Facts

 ¶4 The customer’s complaint contains the following factual allegations.

 ¶5       The customer wanted to buy a bow for hunting game, so he went to the store in August 2011. He decided that he would test one bow by firing arrows at targets in the store’s indoor archery range. He signed a liability waiver before he began the test. The waiver stated that (1) the store was not liable for any injuries that he might suffer from testing the bow; and (2) the customer assumed all responsibility for any such injuries.

 ¶6       The customer shot about nine arrows at targets without incident. Then the store’s salesman recommended that "the length of the [bow’s] draw be adjusted to better suit" the customer.

 ¶7       The customer agreed. This process took about an hour. The customer then resumed the test, although it is unclear whether he did so at the indoor archery range or near a sales counter.

 ¶8       When the customer had trouble drawing the bow, the salesman urged him to pull harder. The customer did so. Either the bowstring or one of the bow’s pulleys broke, and a part of the bow struck the customer’s left forearm, cutting it deeply. This cut caused some permanent impairment of the customer’s arm, and it left him with a large, prominent scar.

 B. Procedural History

 ¶9       The customer filed this personal injury lawsuit against the store in April 2013. He asserted that the store had been negligent under several legal theories, and he asked for money damages. The store’s answer denied that it was liable for the customer’s injury.

 ¶10       In July 2013, the store filed a motion to dismiss the customer’s complaint, relying on C.R.C.P. 12(b)(5). The customer did not file a timely response. In a written order, the trial court granted the motion to dismiss. The court decided that the waiver that the customer had signed insulated the store from liability. The trial court also thought that section 13-21-115, C.R.S. 2015, of Colorado’s Premises Liability Act barred the customer’s lawsuit. Granting another request by the store, the court ordered the customer to pay the store’s attorney fees and costs.

 ¶11       On the same day that the court granted the motion to dismiss, the customer filed a document entitled "Motion to Set Aside Court’s Order Dismissing this Action." In it, the customer asserted that the store had agreed that he could have more time to file a response to the C.R.C.P. 12(b)(5) motion. But, "due to an oversight," the customer had not asked the trial court for an extension. The motion to set aside did not cite any legal authority to support the customer’s request.

 ¶12       The store filed a response to the motion to set aside. The response stated that the motion to set aside (1) was apparently based on C.R.C.P. 60(b); and (2) did not allege sufficient grounds that would authorize the trial court to grant the customer relief under C.R.C.P. 60(b).

 ¶13       In August 2013, even though the trial court had previously dismissed the customer’s complaint and it had not ruled on the motion to set aside, the customer nonetheless filed a response to the store’s C.R.C.P. 12(b)(5) motion to dismiss. It filed a "First Amended Complaint" a week later.

 ¶14       In October 2013, the store filed a motion that asked the trial court to determine the amount of attorney fees that the customer owed the store. (Recall that the court had ordered the customer to pay the store’s attorney fees when it had granted the store’s motion to dismiss the case.) The store contended that, under C.R.C.P. 59(j), the court should deem the motion to set aside denied because the court had not ruled on that motion within sixty-three days of when it was filed.

 ¶15       The customer promptly filed a response. He asserted that the motion to set aside was not subject to the time limits found in C.R.C.P. 59(j) because the motion was based on C.R.C.P. 60(b)(1).

 ¶16       In November 2013, the customer did two things. He filed a document entitled "Voluntary Status Report and Request for Ruling" with the trial court. And he filed an appeal in this court. In February 2014, a division of this court dismissed the customer’s appeal with prejudice.

 ¶17       In August 2014, the trial court issued a written order. In it, the court concluded that, although the customer had asserted that he had filed the motion under C.R.C.P. 60(b)(1), the motion was subject to the time limits of C.R.C.P. 59(j). And, although the customer had filed the motion to set aside on the same day that the court granted the store’s motion to dismiss, the court had not issued any orders concerning it until well after the sixty-three-day period established by C.R.C.P. 59(j). The court therefore decided that the motion to set aside was "deemed denied" by operation of C.R.C.P. 59(j).

 II. The Motion to Set Aside

 ¶18       The customer contends that the trial court erred when it concluded that his motion to set aside had been deemed denied by operation of C.R.C.P. 59(j). We agree.

 A. Standard of Review

 ¶19       We generally review a trial court’s decision to grant or to deny a C.R.C.P. 60(b)(1) motion for an abuse of discretion. See Goodman Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d 310, 314 (Colo. 2010). As is pertinent to this appeal, a court abuses its discretion when it rests its decision on a misunderstanding or a misapplication of the law. Genova v. Longs Peak Emergency Physicians, P.C., 72 P.3d 454, 458 (Colo. App. 2003).

 B. The Trial Court’s Analysis

 ¶20        The trial court reasoned that the motion to set aside had been filed too late because "a motion pursuant to C.R.C.P. 60(b)(1) cannot be used to circumvent the limitations of C.R.C.P. 59(j)." The trial court based its analysis on the following sentences that appear in De Avila v. Estate of DeHerrera, 75 P.3d 1144, 1146 (Colo. App. 2003): "C.R.C.P. 60 is not a substitute for appeal, but instead is meant to provide relief in the interest of justice in extraordinary circumstances. Thus, a C.R.C.P. 60 motion generally cannot be used to circumvent the operation of C.R.C.P. 59(j)." (Citation omitted.)

 ¶21       The trial court recognized that De Avila also set forth exceptions to the general rule. The exceptions included when there was an "extreme situation" warranting relief under C.R.C.P. 60(b)(5) or when the judgment was void under C.R.C.P. 60(b)(3). De Avila, 75 P.3d at 1146. But these exceptions did not apply to the customer’s motion to set aside.

 ¶22       The trial court added that three other opinions supported its approach. They were Diamond Back Services, Inc. v. Willowbrook Water & Sanitation District, 961 P.2d 1134, 1137 (Colo. App. 1997); Guevara v. Foxhoven, 928 P.2d 793, 795 (Colo. App. 1996); and Sandoval v. Trinidad Area Health Association, Inc., 752 P.2d 1062, 1063 (Colo. App. 1988).

 C. Our Analysis

 i. The Requirements of C.R.C.P. 59 and C.R.C.P. 60

 ¶23       We begin by comparing and contrasting the parts of C.R.C.P. 59 and C.R.C.P. 60 that are relevant to our analysis.

 ¶24       They have different purposes.

 ¶25       "The primary purpose of a [C.R.C.P. 59] motion to amend judgment or for new trial is to give the court an opportunity to correct any errors that it may have made." In re Marriage of Jones, 668 P.2d 980, 981 (Colo. App. 1983); see also McDonald v. Zions First Nat’l Bank, N.A., 2015 COA 29, ¶36 (making the same point in the context of reviewing an order granting summary judgment).

 ¶26       Turning to C.R.C.P. 60, E.B. Jones Construction Co. v. City & County of Denver, 717 P.2d 1009, 1013 (Colo. App. 1986), stated that the "thrust" of C.R.C.P. 60 is (1) "to allow a court that has rendered judgment"; (2) the opportunity to change the judgment; (3) "when new matter of fact or law arises"; (4) that was "extrinsic to" the judgment because it had not previously been "presented to the court." (Emphasis added.)

 ¶27       C.R.C.P. 60(b) "balances the ‘preferred rule of finality of judgments’ and the need to provide relief in the interests of justice in exceptional cases." People in Interest of J.A.U. v. R.L.C., 47 P.3d 327, 331 (Colo. 2002)(quoting Se. Colo. Water Conservancy Dist. v. O’Neill, 817 P.2d 500, 505 (Colo. 1991)). But a C.R.C.P. 60 motion is not a substitute for an appeal. E.B. Jones Constr. Co., 717 P.2d at 1013.

 ¶28       They set out different schedules for filing motions.

 ¶29       C.R.C.P. 59(a) states that motions must be filed "[w]ithin 14 days of entry of judgment . . . or such greater time as the court may allow."

 ¶30       C.R.C.P. 60(b) states that motions must be filed "within a reasonable time, and for reasons (1) and (2), not more than six months after the judgment, order, or proceeding was entered or taken."

 ¶31       Only one of them sets out a time limit for deciding the motion.

 ¶32       C.R.C.P. 59(j) states that the court must decide a C.R.C.P. 59 motion within sixty-three days of when it was filed. It adds that any motion that the court does not decide within that period is deemed to have been denied "without further action by the court." The time for filing a notice of appeal begins then.

 ¶33 C.R.C.P. 60 does not contain similar language.

  

  

 ¶34       The C.R.C.P. 59(j) time limit does not affect motions that are properly filed under C.R.C.P. 60.

 ¶35       "Divestiture of jurisdiction under C.R.C.P. 59 does not preclude the court from considering motions made under C.R.C.P. 60." De Avila, 75 P.3d at 1146.

 ¶36       They discuss different subject matter.

 ¶37       As is pertinent here, there are two subsections that define the grounds that can be raised in C.R.C.P. 59 motions.

 ¶38       C.R.C.P. 59(d) lists the potential grounds upon which a trial court may rely to grant a new trial:

 (1) Any irregularity in the proceedings by which any party was prevented from having a fair trial;

 (2) Misconduct of the jury;

 (3) Accident or surprise, which ordinary prudence could not have guarded against;

 (4) Newly discovered evidence, material for the party making the application which that party could not, with reasonable diligence, have discovered and produced at the trial;

 (5) Excessive or inadequate damages; or

 (6) Error in law.

 ¶39       C.R.C.P. 59(e) lists the potential grounds upon which a trial court may rely to grant a judgment notwithstanding the verdict:

 (1) Insufficiency of evidence as a matter of law; or

 (2) No genuine issue as to any material fact and the moving party being entitled to judgment as a matter of law. Again as is pertinent here, C.R.C.P. 60(b) lists the potential reasons for a court to "relieve a party . . . from a final judgment":

 (1) Mistake, inadvertence, surprise, or excusable neglect;

 (2) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

 (3) The judgment is void;

 (4) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

 (5) Any other reason justifying relief from the operation of the judgment.

 ¶40       But this subject matter can overlap.

 ¶41       In Canton Oil Corp. v. District Court, 731 P.2d 687, 694 (Colo. 1987), the defendants filed a C.R.C.P. 59 motion for a new trial. It alleged that jurors had engaged in serious misconduct. The court did not rule on the motion within the time set by C.R.C.P. 59(j). The defendants filed a C.R.C.P. 60(b)(5) motion that relied on the same grounds. The supreme court held that, although litigants should not use C.R.C.P. 60 to "undercut the purposes" of C.R.C.P. 59(j), the jury misconduct in the trial of that case was an "extreme situation" that authorized the use of a C.R.C.P. 60(b)(5) motion. Id.at 694-95.

 ¶42       In Davidson v. McClellan, 16 P.3d 233, 237 (Colo. 2001), the supreme court noted that C.R.C.P. 60(b)(5) is a "residuary provision." But to keep the residuary provision from swallowing the enumerated provisions of C.R.C.P. 60(b)(1)-(4), "it has been construed to apply only to situations not covered by the enumerated provisions and only in extreme situations or extraordinary circumstances." Id. In other words, the residuary clause of C.R.C.P. 60(b)(5) cannot be used to raise issues that are properly the subject of the other four subsections of C.R.C.P. 60(b). Atlas Constr. Co., Inc. v. Dist. Court, 197 Colo. 66, 69, 589 P.2d 953, 955-56 (1979).

 ¶43       C.R.C.P. 60(b)(5) has been applied to examples of extreme situations or extraordinary circumstances that would otherwise be covered by C.R.C.P. 59(d). For example, Canton Oil Corp. addressed jury misconduct, which is also listed in C.R.C.P. 59(d)(2). The trial court characterized the jury’s misconduct to be so "horrifying" that it rendered the process "fetid." 731 P.2d at 695. And Southeastern Colorado Water Conservancy District held that newly discovered evidence, which appears in C.R.C.P. 59(d)(4), can also be the subject of a C.R.C.P. 60(b)(5) motion. 817 P.2d at 504-06.

 ii. The Scope of De Avila

 ¶44       In De Avila, the defendant, who had lost at trial, filed a post-judgment motion that cited both C.R.C.P. 59 and C.R.C.P. 60. But the motion had only one ground: there was an affirmative defense that barred or limited the plaintiff’s claims. The court that presided over the trial granted the motion to the extent that it reduced the size of the judgment. De Avila, 75 P.3d at 1145-46. On appeal, the division held that the court should not have granted the defendant’s post-trial motion because (1) the court did not grant it within the period set by C.R.C.P. 59(j); (2) the motion did not establish that the judgment was void for the purposes of C.R.C.P. 60(b)(3); and (3) the motion did not set forth the sort of "extraordinary circumstances" that would satisfy C.R.C.P. 60(b)(5). Id. at 1148.

 ¶45       When we read De Avila in light of the authority comparing and contrasting C.R.C.P. 59 and C.R.C.P. 60, we conclude, for the following reasons, that it does not stand for the proposition that a C.R.C.P. 60(b)(1) motion is governed by the time limits established by C.R.C.P. 59(j).

  

 ¶46       First, the subject matter listed in C.R.C.P. 60(b)(1) — mistake, inadvertence, surprise, or excusable neglect — does not appear in C.R.C.P. 59(d) or (e).

 ¶47       Second, C.R.C.P. 60(b) states that a C.R.C.P. 60(b)(1) motion must be filed within a reasonable time, but not more than six months, after the judgment, order, or proceeding. C.R.C.P. 59(a) states that C.R.C.P. 59 motions must be filed within fourteen days of when the court entered the judgment unless the court allows for more time.

 ¶48       Third, C.R.C.P. 60(b) does not contain an equivalent of the time limit that appears in C.R.C.P. 59(j). And the C.R.C.P. 59(j) time limitation does not apply to motions that are properly filed under C.R.C.P. 60(b). De Avila, 75 P.3d at 1146.

 ¶49       Fourth, the purpose of C.R.C.P. 59 is generally different from the purpose of C.R.C.P. 60. A C.R.C.P. 59 motion looks at what has already happened, and it provides a court with an opportunity to correct its mistakes. See In re Marriage of Jones, 668 P.2d at 981. A C.R.C.P. 60 motion looks at what may be new and extrinsic to the judgment, and it provides a court with an opportunity to consider how this new and extrinsic information might affect its order or judgment. See E.B. Jones Constr. Co., 717 P.2d at 1013.

 ¶50       Fifth, C.R.C.P. 60(b)(5), the residuary clause, provides courts with an opportunity to correct errors that implicate the interests of justice in exceptional cases. See People in Interest of J.A.U., 47 P.3d at 331. Some of these circumstances include errors that could be raised under C.R.C.P. 59(d). See Se. Colo. Water Conservancy Dist., 817 P.2d at 504-06; Canton Oil Corp., 731 P.2d at 695. But the errors that courts will consider under the residuary clause must be very rare and very serious, because the consideration of less serious errors would undermine the important interest in the finality of judgments. See Davidson, 16 P.3d at 237 (Colorado Supreme Court concludes that even a change in decisional law by the United States Supreme Court was not sufficient to reopen a final judgment).

 ¶51       So, sixth, the meaning of the statement that a C.R.C.P. 60(b) motion cannot be a substitute for an appeal, see E.B. Jones Constr. Co., 717 P.2d at 1013, now becomes clear. Parties should not try to use C.R.C.P. 60(b)(5) to raise issues that they would normally raise in a C.R.C.P. 59 motion or that they would simply appeal in due course: the residuary clause of C.R.C.P. 60(b)(5) has only a narrow and focused application. If parties raise the sort of issues that should be raised in C.R.C.P. 59 motions in C.R.C.P. 60(b)(5) motions, they will often miss appeal deadlines. And, because those deadlines are jurisdictional, they will lose their appeals because they will be dismissed. See, e.g., Walker v. Walker, 264 P.3d 630, 631 (Colo. App. 2001).

 ¶52       Circling back to De Avila, we can now see that it simply discussed and applied these same principles. The defendant in that case used a C.R.C.P. 60(b)(5) motion to raise an issue that should have been raised in a C.R.C.P. 59 motion. But the trial court granted the defendant relief after the C.R.C.P. 59(j) period had run. The court therefore did not have jurisdiction to grant the relief that the defendant had requested; the defendant did not show that the judgment was void for purposes of C.R.C.P. 60(b)(3); and the defendant "did not allege extraordinary circumstances that would justify relief under C.R.C.P. 60(b)(5)." De Avila, 75 P.3d at 1148.

 ¶53       The three other cases upon which the trial court relied do not suggest that De Avila meant something else.

 ¶54       Sandoval, 752 P.2d at 1064, held that facts that might invoke the "unique circumstances" doctrine, which our supreme court adopted in Converse v. Zink, 635 P.2d 882, 886-77 (Colo. 1981), do not qualify as an "extreme situation" for purposes of the C.R.C.P. 60(b)(5) residuary clause.

 ¶55       Guevara, 928 P.2d at 795, simply restated the by-now-familiar general rule that a C.R.C.P. 60(b) motion cannot be used to avoid the C.R.C.P. 59(j) time limit or used to serve as a substitute for an appeal. The division made these statements in the course of concluding that it would review the trial court’s order denying a C.R.C.P. 60(b)(1) motion, but that it would not review the underlying judgment.

 ¶56       Diamond Back Services, Inc., 961 P.2d at 1137, again recognized that a C.R.C.P. 60(b) motion could not be used to circumvent the time limit found in C.R.C.P. 59(j) or as a substitute for appeal. But it did so in the course of recognizing that there is no time limit on filing a C.R.C.P. 60(a) motion.

 iii. Our Conclusion

 ¶57       We respectfully disagree with the trial court’s conclusion that the language from De Avila created a general rule, subject to certain exceptions, that all C.R.C.P. 60(b)(1) motions are governed by C.R.C.P. 59(j), and that it therefore had to deny the customer’s motion to set aside. De Avila and the other cases upon which the trial court relied simply hold that C.R.C.P. 60(b)(5) cannot be used to raise issues that should normally be raised in C.R.C.P. 59 motions or that should be appealed in due course after a court enters judgment. We therefore conclude that the trial court rested its decision to deny the motion to set aside on a misunderstanding of the applicable law. See Genova, 72 P.3d at 458.

 ¶58       The customer’s motion to set aside alleged that the customer and the store had agreed that the customer could file a response to the store’s C.R.C.P. 12(b)(5) motion beyond the regular time limit. The motion added that, "due to an oversight," the customer had not informed the trial court of this agreement. We conclude that this allegation generally falls within the scope of C.R.C.P. 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), and that it does not generally fall within the scope of C.R.C.P. 59(d) or (e).

 ¶59       The allegations in the customer’s motion to set aside also served the general purpose that a C.R.C.P. 60 motion is supposed to serve. It asked the trial court to change its judgment based on a new fact that the court had not previously considered, which was also extrinsic to the judgment. See E.B. Jones Constr. Co., 717 P.2d at 1013. So we next conclude that the customer’s motion to set aside did not cross the line into issues that should normally be raised in a C.R.C.P. 59 motion. See, e.g., De Avila, 75 P.3d at 1148.

 ¶60       And, because the allegations in the motion to set aside were new and extrinsic to the judgment, the customer could not obtain review of them simply by appealing the judgment. The trial court had neither considered nor ruled on the allegations that he had raised in the motion to set aside when it granted the store’s C.R.C.P. 12(b)(5) motion.

 ¶61       The customer filed the motion to set aside well within six months of when the court granted the store’s C.R.C.P. 12(b)(5) motion. Indeed, he filed it on the same day that the court entered its order. (And, we note, the customer also filed a response to the store’s C.R.C.P. 12(b)(5) motion.)

 ¶62       We last conclude that the customer’s timely filed motion to set aside was not deemed denied by the operation of C.R.C.P. 59(j). Because it "sought relief that was not clearly available under C.R.C.P. 59 and which was proper for consideration" under C.R.C.P. 60(b)(1), "the trial court’s jurisdiction to determine" the customer’s motion to set aside "was not circumscribed by C.R.C.P. 59(j) time limitations." See Cont’l Bank, N.A. v. Rowe, 817 P.2d 620, 623-24 (Colo. App. 1991); see also Guevara, 928 P.2d at 795.

 III. The Effect of the Prior Appeal

 ¶63       The store also asserts that this court’s decision to dismiss the prior appeal in February 2014 leads inevitably to the conclusion that we should dismiss this one. The store adds that the motion to set aside "contravenes" the mandate that this court issued after it had dismissed the prior appeal. We disagree, and, in doing so, we incorporate the previous analysis in this opinion.

 ¶64        Relying on CRE 201, our first step is to take judicial notice of the contents of this court’s file in the prior appeal. We can do so because appellate courts, as well as trial courts, may take judicial notice of records under CRE 201, Prestige Homes, Inc. v. Legouffe, 658 P.2d 850, 852 (Colo. 1983), and we can take judicial notice at this stage of the proceedings, CRE 201(f). We can take judicial notice of our own records, People v. Linares-Guzman, 195 P.3d 1130, 1135 (Colo. 2008), and we can "take judicial notice of the contents of court records in a related proceeding," People v. Sa’ra, 117 P.3d 51, 56 (Colo. App. 2004). We can take judicial notice "whether requested or not." CRE 201(c).

  

 ¶65       Turning to the contents of this court’s file in the prior appeal, we can see that the customer’s notice of appeal stated that

 
 the customer contended that the motion to set aside was a C.R.C.P. 60 motion and that it had remained pending in the trial court because it was a C.R.C.P. 60 motion;
 
 he store contended that the motion to set aside was a C.R.C.P. 59 motion;
 
 the customer had filed the notice of appeal as a "precaution" in case this court viewed the motion to set aside as a "C.R.C.P. 59 motion" that was subject to C.R.C.P. 59(j); and
 
 he had filed the notice of appeal within sixty-three days of when the motion to set aside would have been deemed denied by operation of C.R.C.P. 59(j) if it had been a C.R.C.P. 59 motion.

 ¶66       The store filed a motion to dismiss the prior appeal, which stated that

 
 the customer had filed a C.R.C.P. 60(b) motion, which did not toll the appellate clock (We note that the store stated in a brief that it filed in support of the motion to dismiss that the question whether the motion to set aside was a C.R.C.P. 59 motion or a C.R.C.P. 60 motion was "in dispute.");
 
 the customer should have filed his notice of appeal within forty-nine days of the date when the trial court granted the store’s C.R.C.P. 12(b)(5) motion; so
 
 the appeal was untimely because the customer did not file it within those forty-nine days.

 ¶67       This court later dismissed the prior appeal with prejudice. After the trial court’s jurisdiction had been restored, the trial court issued the order in which it concluded that the customer’s motion to set aside had been deemed denied by operation of C.R.C.P. 59(j). In doing so, the court also discussed the effect of this court’s order to dismiss the prior appeal.

 ¶68       The trial court observed that "the only issue presented to the Court of Appeals on which it has made a pronouncement is the issue of whether [the customer’s] appeal was timely filed." The court therefore concluded that, for this court to have dismissed the appeal, it was "logically necessary" that this court had determined that the customer’s motion to set aside was a C.R.C.P. 60 motion.

  

 ¶69       We agree with the trial court’s analysis of this issue for the following reasons.

 ¶70       First, in January 2015, this court issued an order in this appeal that stated three things. Initially, "it appear[ed]" that this appeal had been "timely taken" from the trial court’s August 2014 order "denying [the customer’s] C.R.C.P. 60(b) motion." Then, this order "note[d] that this appeal [was] not taken from the underlying final judgment" that granted the store’s C.R.C.P. 12(b)(5) motion. Last, the prior appeal "was taken from that final judgment, and that appeal was dismissed with prejudice" in February 2014.

 ¶71       Second, we conclude that what "appeared" to this court in January 2015 — that this appeal was from the trial court’s order denying the motion to set aside and that the motion to set aside was a C.R.C.P. 60 motion — was an accurate description of the central issue in this appeal and the legal status of the motion to set aside. Based on some of the reasoning that we have already explained, we reiterate our conclusions that the motion to set aside was a timely filed C.R.C.P. 60(b)(1) motion; that the motion to set aside was therefore not subject to C.R.C.P. 59(j); and that the trial court did not reach the merits of the motion to set aside.

  

 ¶72       Third, this court decided to dismiss the prior appeal because it did not have jurisdiction over it. "Such a dismissal did not serve to affirm the original judgment; rather, the dismissal left the judgment as though it had never reached the appellate court." Tyler v. Adams Cty. Dep’t. of Soc. Serv., 697 P.2d 29, 31 (Colo. 1985). The trial court therefore "retained jurisdiction to consider motions under C.R.C.P. 60(b) for the period granted by the rule: a reasonable time not to exceed six months from the date of the judgment." Id.; cf. De Avila, 75 P.3d at 1146 ("Divestiture of jurisdiction under C.R.C.P. 59 does not preclude the court from considering motions made under C.R.C.P. 60."). As we have concluded above, the customer filed the motion well within that time limit.

 ¶73       Fourth, although the trial court was obligated to follow this court’s mandate in the prior appeal, the trial court nonetheless had jurisdiction to "entertain additional motions that do not, expressly or by necessary implication, contravene the mandate." Oster v. Baack, 2015 COA 39, ¶15. The trial court had not resolved the merits of the customer’s motion to set aside, which the court had recognized was a C.R.C.P. 60(b)(1) motion; the trial court’s decision to grant the store’s C.R.C.P. 12(b)(5) motion did not address the motion to set aside; and the motion to set aside had not been the subject of the prior appeal. The motion to set aside therefore did not "expressly or by necessary implication[] contravene the mandate" in the prior appeal. See id.

 IV. The Necessity of a Remand

 ¶74       The test for determining whether a party has shown excusable neglect for the purposes of C.R.C.P. 60(b)(1) is a "fact-intensive inquiry." Goodman Assocs., 222 P.3d at 319. As is pertinent to our analysis of this case, the test asks three questions:

 
 Was the customer’s neglect, which resulted in the trial court’s decision to grant the store’s C.R.C.P. 12(b)(5) motion to dismiss the case, excusable?
 
 Has the customer alleged a meritorious claim?
 
 Would relief from the order granting the C.R.C.P. 12(b)(5) motion be consistent with considerations of equity?

 Id.

 ¶75       "[T]hese three factors constitute a balancing test and each must be considered in resolving the motion." Id. at 321. But this requirement does not "preclude the possibility that, in a particular circumstance, the failure to satisfy just one of these factors is so significant that it requires" a trial court to deny a C.R.C.P. 60(b)(1) motion to set aside a judgment. Id. The decision to set aside a judgment is "at its core an equitable decision," and the goal of a trial court’s analysis of a C.R.C.P. 60(b)(1) motion "is to promote substantial justice." Id. at 319. So, as we have indicated above, a trial court must balance the preference for the finality of judgments against "the need to provide relief in the interests of justice in exceptional circumstances." Id. (quoting Se. Colo. Water Conservancy Dist., 817 P.2d at 505).

 ¶76       The trial court in this case did not address the three Goodman questions because it deemed the motion to set aside denied under C.R.C.P. 59(j). It did not engage in the "fact-intensive inquiry" necessary to answer those questions; it did not weigh those answers as part of a "balancing test"; and it did not make an "equitable decision" that balanced the preference for the finality of its judgment dismissing this case against the customer’s putative "need to provide relief in the interests of justice in exceptional circumstances." Id. at 319, 321.

 ¶77       We cannot engage, in the first instance, in the necessary "fact-intensive inquiry" because "[a]ppellate courts may not undertake fact-finding." Valdez v. People, 966 P.2d 587, 598 (Colo. 1998). We must therefore remand this case to the trial court so that it can hold an evidentiary hearing and then apply the Goodman test to the customer’s motion to set aside. See Sebastian v. Douglas Cty., 2013 COA 132, ¶¶8-9 (recognizing that a prior division had remanded the same case so that a trial court could "reconsider[] and [enter] new findings and conclusions in conformity with the requirements of Goodman").

 V. Conclusion

 ¶78       We reverse the trial court’s order that deemed the customer’s motion to set aside denied by operation of C.R.C.P. 59(j). We remand this case to the trial court to hold an evidentiary hearing to consider the customer’s motion to set aside, to resolve it, and then to proceed accordingly.

 ¶79       In reaching this result, we make clear that we take no position on whether the trial court should grant the customer relief under C.R.C.P. 60(b)(1). That is a question for the court to decide on remand.

 ¶80       We deny the store’s request for appellate fees and costs because we have ruled in favor of the customer in this appeal.

  

 ¶81       The order is reversed.

 JUDGE LICHENSTEIN and JUDGE MÁRQUEZ concur.

These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 

Colorado Court of Appeals Opinions || March 24, 2016

Back