23CA1795 Marriage of Corner 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1795
El Paso County District Court No. 14DR3685
Honorable Monica J. Gomez, Judge

In re the Marriage of

Timothy Corner,

Appellee,

and

Yezenia Corner n/k/a Yezenia Santos,

Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE YUN
Harris and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

The Burnham Law Firm, P.C., David W. Feeder II, Karla I Jaramillo, Centennial, Colorado, for Appellee

Alpern Myers Stuart LLC, John L. Cyboron, Colorado Springs, Colorado, for Appellant

¶ 1    Yezenia Corner (mother) appeals from the district court's order denying her C.R.C.P. 60(b)(3) motion that sought to vacate the district court's order granting Timothy Corner (father) relief under C.R.C.P. 60(b)(5).  We reverse the order denying mother's C.R.C.P. 60(b)(3) motion and remand the case for further proceedings.

## I.    Background

¶ 2    The parties divorced in 2015.  In August 2022, following a hearing, the district court modified child support and ordered mother to pay $721.98 in monthly child support based on its findings of each party's income.  Mother timely filed a motion for the court to reconsider its income determinations, and on September 28, 2022 (the September 2022 order), the court granted her motion.  The court made new findings as to each party's income and ordered father to pay mother $195.60 per month in child support.

¶ 3    Three months later, father moved to modify child support.  Father asserted: "[P]reviously support was calculated including my student loans which [were] used as income.  I am not eligible to receive any additional student loans as I have reached my

undergrad maximum." In response, the court ordered the parties to mediate father's motion.

¶ 4    On March 12, 2023, the district court issued a new order rescinding the September 2022 order and granting in part and denying in part mother's previous motion to reconsider the parties' incomes (the March 2023 order). The court reevaluated testimony from the August 2022 modification hearing and found that it had "initially erred" by including voluntary overtime and omitting certain bonus pay when calculating mother's income. As to father's income, the court reconsidered his status as a student and restored its August 2022 determination of his income. Based on its income revisions, the court ordered mother to pay father $374.92 per month in child support. The court entered this new order nunc pro tunc to September 28, 2022, and ordered the parties to proceed with mediation on father's still-outstanding motion to modify child support.

¶ 5    Mother then filed a C.R.C.P. 60(b)(3) motion to vacate the March 2023 order, asserting that because the September 2022 order was a final order and neither party had timely filed a C.R.C.P. 59 motion, the district court lacked jurisdiction to enter the March

2023 order.  The court denied mother's C.R.C.P. 60(b)(3) motion, explaining that it had entered the March 2023 order under C.R.C.P. 60(b)(5), which allows relief from a final judgment for "any other reason justifying relief from the operation of the judgment."  The court further explained that the March 2023 order "accurately reflected the Court's reconsideration of [i]ncome [d]eterminations."

## II.    Discussion

¶ 6      Mother contends that the district court erred by denying her motion to vacate the March 2023 order because it did not have jurisdiction to enter it.  We agree.

### A.    Applicable Legal Standards

¶ 7      C.R.C.P. 60(b)(3) provides for relief from a final judgment if the judgment is void.  A void judgment may be challenged at any time and must be vacated upon request.  *McGuire v. Champion Fence & Const., Inc.*, 104 P.3d 327, 329 (Colo. App. 2004).

¶ 8      We conduct a de novo review of a proceeding under C.R.C.P. 60(b)(3) to set aside a judgment or order as void.  *Id.*; *see also Werth v. Heritage Int'l Holdings, PTO*, 70 P.3d 627, 629 (Colo. App. 2003) (recognizing that the standard of review under C.R.C.P. 60(b)(3) differs from that for other proceedings under that rule).  In

3

all other cases, we review a grant or denial of a C.R.C.P. 60 motion for an abuse of discretion. *De Avila v. Est. of DeHerrera*, 75 P.3d 1144, 1146 (Colo. App. 2003).

### B. C.R.C.P. 59 Versus C.R.C.P. 60

¶ 9 The differences between the relief available under C.R.C.P. 59 and C.R.C.P. 60 underscore our conclusion that the district court lacked jurisdiction to sua sponte replace the September 2022 order with the March 2023 order and therefore erred by denying mother's C.R.C.P. 60(b)(3) motion.

¶ 10 To start, C.R.C.P. 59 and C.R.C.P. 60 have different purposes. *Harriman v. Cabela's Inc.*, 2016 COA 43, ¶ 25. "A C.R.C.P. 59 motion looks at what has already happened, and it provides a court with an opportunity to correct its mistakes." *Id.* at ¶ 49 (citing *In re Marriage of Jones*, 668 P.2d 980, 981 (Colo. App. 1983)). A party seeking relief under C.R.C.P. 59 must file a motion within fourteen days of the final judgment or order, and the court must resolve such a motion within sixty-three days or the motion is deemed denied. C.R.C.P. 59(a), (j). While a district court may grant relief under C.R.C.P. 59 on its own initiative, such relief must be issued within fourteen days of the final judgment or order. C.R.C.P. 59(c).

4

¶ 11    Conversely, C.R.C.P. 60 allows "a court that has rendered judgment the opportunity to change it when significant new matter of fact or law arises which is extrinsic to it because of not having been presented to the court.  Invocation of the rule demands scrupulous consideration of strong policies favoring finality of judgments." *E.B. Jones Const. Co. v. City & Cnty. of Denver*, 717 P.2d 1009, 1013 (Colo. App. 1986); *see also Harriman*, ¶ 49 ("A C.R.C.P. 60 motion looks at what may be new and extrinsic to the judgment, and it provides a court with an opportunity to consider how this new and extrinsic information might affect its order or judgment.").  Accordingly, C.R.C.P. 60 cannot be used to circumvent the time limits imposed by C.R.C.P. 59, *Sandoval v. Trinidad Area Health Ass'n, Inc.*, 752 P.2d 1062, 1064 (Colo. App. 1988), and "Rule 60 is not a substitute for appeal, but instead is meant to provide relief in the interest of justice in extraordinary circumstances." *E.B. Jones*, 717 P.2d at 1013 (quoting *Cavanaugh v. State, Dep't of Soc. Servs.*, 644 P.2d 1, 5 (Colo. 1982)).

¶ 12    C.R.C.P. 60 aims "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Davidson v. McClellan*, 16 P.3d 233,

5

237 (Colo. 2001) (quoting *Canton Oil Corp. v. Dist. Court*, 731 P.2d 687, 694 (Colo. 1987)).

> [C.R.C.P. 60] does so by permitting courts to relieve parties from final judgments, "upon such terms as are just," for certain, specifically enumerated reasons, including mistake, inadvertence, surprise or excusable neglect; fraud, misrepresentation, or other improper conduct by an adverse party; that the judgment is void; or that the judgment has prospective application or is no longer equitable because it has already been satisfied or discharged. C.R.C.P. 60(b)(1)-(4). In addition, the rule includes a residuary provision, allowing relief for "any other reasons justifying relief from the operation of the judgment." C.R.C.P. 60(b)(5).

*Id.*

¶ 13    However, C.R.C.P. 60(b)(5) "has been narrowly interpreted to include only extreme situations and extraordinary circumstances" to "prevent th[e] residuary provision from swallowing the enumerated reasons and subverting the principle of finality." *De Avila*, 75 P.3d at 1147; *Davidson*, 16 P.3d at 237. Therefore, C.R.C.P. 60(b)(5) should not be interpreted so broadly that it creates uncertainty surrounding the validity of judgments or so narrowly that it fails to accomplish justice when warranted. *State Farm Mut. Auto. Ins. Co. v. McMillan*, 900 P.2d 1243, 1245 (Colo. App. 1994).

6

¶ 14     For instance, in *Canton Oil,* another division of this court held that relief under C.R.C.P. 60(b)(5) was proper when there was jury misconduct that was so "horrifying" as to have rendered the judicial process "fetid."  731 P.2d at 695; *see also In re Marriage of Seely,* 689 P.2d 1154, 1160 (Colo. App. 1984) (holding that the district court did not abuse its discretion in setting aside the parties' separation agreement under C.R.C.P. 60(b)(5) where the separation agreement was unconscionable and the agreement was adopted without any judicial scrutiny).  *But see Davidson,* 16 P.3d at 238 (holding that "a mere change in decisional law will not constitute the extraordinary circumstances necessary to vacate a final judgment").

¶ 15     While motions for relief under C.R.C.P. 60(b)(1) and (2) must be filed within six months of entry of judgment or order, motions for relief under C.R.C.P. 60(b)(5) must only be filed within a "reasonable time."  *In re Adoption of P.H.A.,* 899 P.2d 345, 346 (Colo. App. 1995).  Unlike C.R.C.P. 60(a), which allows the district court to correct clerical mistakes and other omissions on the court's "own initiative," C.R.C.P. 60(b) only allows relief from judgment "[o]n motion and upon such terms as are just."

## C. The District Court Erred

¶ 16    The March 2023 order reconsidered and made new findings about mother's income based on her testimony during the original modification hearing regarding her overtime and incentive pay. We agree with mother these amended findings were in the nature of C.R.C.P. 59 relief because they were not based on any new or extrinsic information, but rather represented a correction of the child support order based on the court's reinterpretation of existing information that was already before the court. *See* C.R.C.P. 59(c); *Jones*, 668 P.2d at 981; *E.B. Jones*, 717 P.2d at 1013.

¶ 17    Because the March 2023 order was in the nature of a correction under C.R.C.P. 59, the jurisdictional time limits imposed by that rule applied. *See* C.R.C.P. 59(a), (c), (j). And here, the district court's sua sponte reevaluation of the parties' incomes and recalculation of the child support order occurred over four months after the September 2022 order that initially resolved mother's motion to reconsider. Accordingly, the fourteen-day period during which the court could have amended its findings based on its reevaluation of the information presented at the August 2022 modification hearing had lapsed. *See* C.R.C.P. 59(a), (c); *Jones*,

8

668 P.2d at 981. Once the time for the court to amend those findings had expired, the court lost jurisdiction to amend that order under C.R.C.P. 59. *De Avila*, 75 P.3d at 1146.

¶ 18    Although the district court stated that it had granted relief under C.R.C.P. 60(b)(5) in denying mother's motion to vacate the March 2023 order, we conclude that the court could not rely on Rule 60's residuary provision. To start, unlike the correction of an error or omission under C.R.C.P. 60(a), which unambiguously allows the court to act on its "own initiative," nothing in C.R.C.P. 60(b) grants the court the authority to make corrections sua sponte, and no party had filed a C.R.C.P. 60(b) motion before the March 2023 order.

¶ 19    Moreover, even if father's January 2023 motion to modify child support could otherwise be construed as a C.R.C.P. 60(b) motion, the district court explained that it issued the March 2023 order because it had previously mishandled "mother's overtime and incentive pay," as well as "[f]ather's student loans" when determining child support. The potential misclassification of the parties' income streams for child support purposes is the type of error that is commonly appealed to and corrected by this court, and

therefore the district court's amended income findings under C.R.C.P. 60(b)(5) could not serve as a substitute for a timely appeal. *See E.B. Jones*, 717 P.2d at 1013; *see also SR Condominiums, LLC v. K.C. Const., Inc.*, 176 P.3d 866, 871 (Colo. App. 2007) ("A party's failure to file a timely appeal does not justify granting it extraordinary relief.").

¶ 20    Likewise, we disagree that the potential miscalculation of the parties' incomes and resulting incorrect child support order otherwise created sufficient "extraordinary circumstances" for the district court to rely on the C.R.C.P. 60(b)(5) residuary provision. *See De Avila*, 75 P.3d at 1147. While an error of approximately $500 per month in child support in mother's favor would undoubtedly harm father, we disagree that such a potential error gave rise to a situation that was sufficiently extreme to justify subverting the finality of the September 2022 order. *See id.*; *E.B. Jones*, 717 P.2d at 1013. Therefore, we conclude that under C.R.C.P. 60(b)(5), the court could not sua sponte amend, alter, or replace the September 2022 order. *See Sandoval*, 752 P.2d at 1064.

¶ 21     Still, father suggests that, regardless of the limitations imposed by C.R.C.P. 59 and C.R.C.P. 60, the district court had continuing jurisdiction to modify its prior child support orders under section 14-10-122, C.R.S. 2024. We are not persuaded. While section 14-10-122(1)(a) grants the district court continuing jurisdiction to modify child support upon a showing of a "substantial and continuing" change of circumstances, nothing in this section allows for the sua sponte modification of a prior child support order outside of the confines of the rules of civil procedure, and father has not otherwise provided us with any authority supporting such a holding. Moreover, the March 2023 order did not purport to rule on father's January 2023 motion to modify child support, which the court maintained that the parties must mediate. Instead, the March 2023 order came in the form of a new ruling on mother's motion to reconsider the parties' incomes, even though the court had already resolved that motion over four months earlier.

¶ 22     Because the March 2023 order was void for lack of jurisdiction, the district court erroneously denied mother's C.R.C.P. 60(b)(3) motion seeking to vacate that order. *Sandoval*, 752 P.2d at 1064; *De Avila*, 75 P.3d at 1147 ("[W]here a judgment is void, relief

11

under C.R.C.P. 60(b)(3) is mandatory because from its inception, a void judgment was a complete nullity and without legal effect."). We take no position on father's motion to modify child support because it is not before us.

## III.   Disposition

¶ 23    The order denying mother's C.R.C.P. 60(b)(3) motion to vacate the March 2023 order is reversed, and the case is remanded for the district court to vacate the March 2023 order and to reinstate the September 2022 order.

JUDGE HARRIS and JUDGE KUHN concur.